# Jenner-Quemahoning Coal Co. and Hillman Coal & Coke Co., Appellants, *v.* Conemaugh Township et al.

*Taxation—School tax—Levy—Valuation.*

A tax levy for school tax must be based upon the assessed valuation as revised and equalized by the county commissioners, and not upon the return of the assessors.

On a bill in equity against the school district to restrain the collection of school taxes, a decree dismissing the bill will be reversed, where it appeared that the tax was levied on an assessment of $277,792 and that the last adjusted valuation, as determined by the board of revision of taxes and affirmed by the court of common pleas, was $252,110.

*Taxes—Laches—Payment without prejudice.*

Laches is an implied waiver arising from a knowledge of existing conditions and acquiescence in them. Whether it exists must be determined from the particular facts in each case.

Where a coal company paid a tax on an assessed valuation of a certain amount, and the same was received without prejudice to the rights of either party pending appeal, which was finally determined in favor of the coal company, it will not be deemed guilty of laches because it did not seek to restrain the collection of further taxes until a levy was made on its personal property.

Argued April 16, 1924. Appeals, Nos. 157 and 158, April T., 1924, by plaintiffs, from decree of C. P. Somerset Co., Equity Docket, No. 2, 1923, on bill in equity in the cases of Jenner-Quemahoning Coal Company and Hillman Coal & Coke Company v. Conemaugh Township School District and P. P. Williamson, Collector of School

Taxes of Conemaugh Township School District. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Bill in equity for injunction to restrain defendants from the collection of certain school taxes. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiffs appealed.

*Error assigned* was, among others, the decree of the court.

*Charles H. Ealy,* of *Uhl & Ealy,* and with him *Thomas Watson* and *R. M. Stetler,* for appellants, cited: Frick Coke Co. v. Mt. Pleasant Twp., 222 Pa. 451, 457; Gearhart v. Dixon, 1 Pa. 224; Walker v. Edmonds, 197 Pa. 645; Com. v. Griest, 196 Pa. 396; Groman v. Bethlehem, 29 Pa. D. R. 779; Plains Township's Appeal, 21 Pa. Superior Ct. 68.

*Clarence L. Shaver,* and with him *Frank P. Barnhart,* for appellees, cited: McMicken v. Com., 58 Pa. 213; Pike County v. Rowland, 94 Pa. 238; Nason v. Poor Directors, 126 Pa. 445; Mitchell v. Kearns, 16 Pa. Superior Ct. 357; Logan v. Rochester Township, 21 Pa. Superior Ct. 113; Cruzan v. Cruzan, 243 Pa. 165; McQuaid v. Sturgeon, 263 Pa. 187; Scranton v. Scranton Coal Co., 256 Pa. 322, 327; Shimer v. Aldine Trust Co., 264 Pa. 444, 447; Hardinge v. Kuntz et al., 278 Pa. 232, 241.

OPINION BY GAWTHROP, J., July 2, 1924:

This bill in equity was filed by the plaintiffs to restrain the defendants from collecting certain school taxes for the year 1922. The court below dismissed the bill.

The Conemaugh School District is a district of the third class. The Jenner-Quemahoning Coal Company is the owner of coal land, together with a mining plant, etc., situate in Conemaugh Township, Somerset County. The Hillman Coal & Coke Company owns all the capital stock of the Jenner-Quemahoning Coal Company and, at the time of the filing of the bill, was mining and removing the coal and was the owner of the personal property on the premises. The dispute arose over the assessment of the property of the Jenner-Quemahoning Coal Company for the triennial year 1922. The bill averred that the tax sought to be collected was not based on the last adjusted valuation and that all taxes lawfully due had been paid. The answer admitted the payment of the amount of tax stated in the bill, but averred that it was insufficient to pay the amount properly due. The commissioners of Somerset County sent their precept to the assessor of Conemaugh Township for the triennial assessment for the years 1922, 1923 and 1924, directing a return of the assessment to their office on the first day of December, 1921. The assessor did not make his return until January 20, 1922. In the return, the value of the property of the Jenner-Quemahoning Coal Company was fixed at $313,947. On January 17, 1922, the county commissioners adopted a resolution fixing the tax levy for county purposes for the year 1922. On January 20, 1922, they organized and sat as a board of revision and fixed the date for the hearing of appeals, giving notice to the Jenner-Quemahoning Coal Company that its property in Conemaugh Township for the year 1922 was valued at $313,947, and that an appeal would be held at the office of the county commissioners on February 25, 1922, and that appeals from valuations of minerals would be held at the same place on March 6, 7 and 8, 1922. On March 4, 1922, the board of revision adopted a resolution reducing the valuation of the property as returned by the assessor in Conemaugh Township (except coal acreage) by fifteen per cent, in order to

equalize the same with the values put upon similar property in other townships. Pursuant to this resolution, the value of the property of the Jenner-Quemahoning Coal Company was reduced from $313,947 to $277,792. When that company appeared before the board of revision on the day fixed for appeals, it found that its assessment had been reduced to the latter figure. It insisted on a further reduction and the board of revision advised the representative of the company that upon the receipt of certain data and information supported by affidavits, said valuation would be further reduced. On March 22, 1922, the county commissioners wrote the school board of Conemaugh Township a letter advising them that the total for the adjusted value for Conemaugh Township for the year 1922 was $3,972,606, but that this figure was subject to some reduction on account of exhausted acreage, etc., and that the adjusted valuation was being prepared and should reach them by the end of the week. Between March 22d and April 1st, the school board received from the county commissioners a schedule of taxables and valuations, designated "Last Adjusted Valuation, Conemaugh Township, 1922," wherein the total valuation was reduced to the sum of $3,939,200, and the valuation of the property of the Jenner-Quemahoning Coal Company was $277,792. This schedule purported to be a duplicate of the last adjusted valuation of all real estate, personal property and residents or inhabitants made taxable for county purposes in said school district, stating the name of each taxable and the valuation, description and kind of property. On April 13, 1922, the defendant school district levied its school tax for the school year, beginning the first Monday of July, 1922, upon the last adjusted valuation referred to and thereafter prepared its duplicate and delivered the same, together with a warrant for the collection of said school taxes unto P. P. Williamson, the tax collector of the township. The county commissioners prepared the duplicate for the collection of county

taxes and delivered it, together with their warrant, to the same collector on April 22, 1922, the valuations therein being the same as in the last adjusted valuation furnished to the school board. Between April 22, 1922, and May 10, 1922, clerks in the office of the county commissioners made changes in the valuations of the Jenner-Quemahoning Coal Company's property as they appeared upon the assessment book for Conemaugh Township. These changes were made pursuant to a resolution adopted by the board of revision on January 25, 1922, providing, inter alia: "All mineral valuations to be adjusted to conform to the schedules agreed upon by the board of revision, acting upon data collected by the county engineer's office, credits to be allowed for exhausted acreage, out crop, fault, etc., upon sworn statements to be furnished by owners, the chief clerk to cause such adjustments to be made and reported to the various districts from time to time as the reports required are submitted." Under this change in figures the total assessment of the Jenner-Quemahoning Coal Company was reduced from $277,792 to $252,110. The company appealed from this assessment to the court of common pleas. The appeal was heard on January 25, 1923. As stated by the court in that proceeding, it appears by the evidence produced by the County of Somerset, that the final adjustment of the taxes of the appellants was made prior to the 10th day of May, 1922, by the board of revision, and that the appeal was taken from that adjusted valuation, the same being indicated in the assessment books by figures in red ink inserted in place of the original assessments which were written in black ink. After the court concluded as a fact that the figures in red ink were the final adjustment of the county commissioners, sitting as a board of revision and appeal, the appellant offered no testimony in support of its appeal. Whereupon, on motion of counsel for the county, the appeal was dismissed. On May 10, 1922, the chief clerk for the county commissioners sent letters to the tax collector

and to the secretary of the defendant school district, notifying them that a change had been made in valuation of certain taxables in Conemaugh Township, including the Jenner-Quemahoning Coal Company. This letter stated the valuation of the property of the latter company to be $252,110. On July 26, 1922, the township tax collector gave notice to the Jenner-Quemahoning Coal Company that its school taxes for 1922 amounted to $3,333.50, based on the valuation of $277,792. The company paid the tax on a valuation of $252,110, the payment being made and received without prejudice. On May 8, 1923, the tax collector levied on the personal property of the Hillman Coal & Coke Company, one of defendants, situated on the premises of the Jenner-Quemahoning Coal Company and advertised the same for sale to satisfy the balance of the school taxes claimed to be due and unpaid by the latter company. Thereupon, this bill was filed to restrain the school district and its collector from collecting the additional sum alleged to be due.

The learned trial judge dismissed the bill, holding that there was no evidence in the case that the board of revision ever reduced the valuation of the Jenner-Quemahoning Coal Company's property from $277,792 to $252,110, and that the former figure was the last adjusted valuation of this property taxable for county purposes.

The major contention of the appellants is that the last adjusted valuation for county purposes on which it must pay a school tax is $252,110.

The school district of Conemaugh Township, being a district of the third class, is within the provisions of section 3 of the Act of May 11, 1921, P. L. 508, which requires the county commissioners in each county on or before the first day of April, in each year, at the expense of the county, to furnish each school district of the third or fourth class therein for its use, to be retained by it, a properly certified duplicate of the last adjusted valuation of all real estate, personal property, and resi-

dents or inhabitants made taxable for county purposes in such school district; all of which real estate, personal property, and residents or inhabitants are thereby made taxable for school purposes in each school district of the third or fourth class. It will be observed that the basis for levying the tax is "the last adjusted valuation ......for county purposes." On April 13, 1922, when the school board of Conemaugh Township met to levy the school tax, which they are required, by section 1 of the Act of 1921, cited, to levy and assess during the month of April or May of each year, they had been furnished with a duplicate of what purported to be a last adjusted valuation for the township for the year 1922. It is undisputed that after that duplicate was furnished to the school district, the county commissioners finally revised and corrected valuations in Conemaugh Township. By the same the total valuation of the Jenner-Quemahoning Coal Company was fixed at $252,110. Notice of this was given to the school district. Until that time there was no "adjusted valuation for county purposes." From that adjusted valuation the company appealed to the court of common pleas. That tribunal, after hearing the testimony, found that $252,110 was the adjusted valuation of the company's property made by the board of revision. It is admitted that the county taxes were collected on that assessment. In view of these facts there is no warrant for the conclusion of the court below that the company's assessment of $277,792 contained in the duplicate furnished to the school district in March, 1922, was the last adjusted valuation for county purposes. As long as the valuation returned by the assessor is open to correction by the board of revision, the valuation has not been adjusted within contemplation of the statute: Frick Coke Co. v. Mt. Pleasant Township, 222 Pa. 451. The learned trial judge held that there was no evidence in the case that the board of revision, acting as such, reduced the valuation of the Jenner-Quemahoning Coal Company from $277,792 to

$252,110 and refused a request for a finding of fact that, subsequently to the time of hearing the appeals of the company from its assessment, the board of revision corrected and adjusted the valuations of the company's property and fixed the final adjustment at $252,110. We are somewhat at a loss to understand how the learned judge could refuse this request in the light of the admitted facts and after having entered the decree in the case of the appeal of the Jenner-Quemahoning Coal Company from its assessment, which decree was based upon a finding that the board of revision had finally revised the company's assessment and fixed it at $252,110. After a careful examination of the whole record, we are constrained to hold that the learned chancellor should have found as a fact that the board of revision revised and finally adjusted the valuations of the Jenner-Quemahoning Coal Company and fixed the final adjustment and revision thereof at the aggregate sum of $252,110, and caused the same to be noted on the assessment records for Conemaugh Township on or prior to the 8th day of May, 1922. The appellants were further entitled to a conclusion of law that the sum of $252,110 represents the total of the revised and adjusted valuations of the property of the Jenner-Quemahoning Coal Company in Conemaugh Township for the year 1922, and that such adjusted valuation is binding upon the school district of Conemaugh Township.

We do not agree with the learned chancellor that the appellants have been guilty of laches and, therefore, are not entitled to equitable relief. The tax on $252,110 was paid and received without prejudice to the rights of either party. The appeal to the court from the assessment was pending and was determined in favor of the Jenner-Quemahoning Coal Company January 25, 1923. As soon as an attempt was made to collect the additional tax, March 8, 1923, by a levy on the personal property on the premises, this bill was filed. The Jenner-Quemahoning Coal Company had done nothing to warrant the

presumption that it had abandoned its manifest intention to resist the payment of the additional tax. Laches is an implied waiver arising from the knowledge of existing conditions and acquiescence in them: Hansel v. Downing, 17 Pa. Superior Ct. 235. Whether it exists must be determined from the particular facts in each case. We are not satisfied that there was such lack of vigilance as to bar the relief sought. We are constrained to hold, therefore, that the defendant school district should be enjoined and restrained from the collection of any further school taxes from the Jenner-Quemahoning Coal Company for the year 1922.

The first, second, third, fifth, sixth, seventh and eighth assignments of error are sustained, the decree is reversed and the bill is reinstated with direction to the court below to enter a decree in conformity with this opinion, the costs to be paid by the appellee.