# Quemahoning Coal Company, Appellant, v. Township of Jenner et al.

*Taxation—School tax—Road tax—Levy — Valuation — Act of May 16, 1921, P. L. 575—Act of May 11, 1921, P. L. 508, section 3.*

A levy for both school and road tax must be made on the last adjusted valuation for county purposes. The levy must be based upon the assessed valuation as revised and equalized by the county commissioners, and not upon the return of the assessors to the commissioners.

As long as the valuation returned by the assessor is open to correction by the board of revision, the valuation has not been adjusted within the ·contemplation of the statute. The valuation for purposes of taxation is the assessment corrected by the county commissioners after they, as a board of revision, have disposed of all appeals.

If, at the time the tax must be levied for the particular year, it is impossible to secure the adjusted valuation, which is based upon the assessor's return for that year, the levy must be on the adjusted valuation of the last year in which there was an adjusted valuation. · Taxes which were not assessed on the last adjusted valuation for county purposes are improperly levied, and the collection of the same will be restrained.

*Equity—Taxation—Illegal assessment—Restraint.*

Equity has jurisdiction to restrain the collection of school and road taxes illegally assessed.

Argued April 17, 1924. Appeal, No. 160, April T., 1924, by plaintiff, from decree of C. P. Somerset Co., No. 3, Equity Docket, 1923, on bill in equity in the case of Quemahoning Coal Company v. The Township of Jenner, The School District of the Township of Jenner, Milton A. Pickworth, Tax Collector. Before OR-LADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Bill in equity for injunction to restrain the defendants from the collection of school and road taxes. Before BERKEY, P. J.

578 QUEMAHONING C. CO., Appel., *v.* JENNER TWP. et al.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Ernest O. Kooser* and *John G. Buchanan,* and with them *Gordon & Smith, William Booth* and *Francis J. Kooser,* for appellant.—A tax not based on a properly certified duplicate furnished by the county commissioners is invalid: Frick Coke Company v. Mt. Pleasant Township, 222 Pa. 451; Shenango Furnace Company v. Fairfield Township, 229 Pa. 357; Bellinger v. Gray, 51 N. Y. 610, 1873; Bundy v. Wolcott, 10 Atl. Rep. 756; Burke v. Brown, 148 Mo. 309.

The tax was invalid because levied on a higher valuation, notwithstanding the certified value to the taxing body by the county commissioners: Roland v. Reading School District, 161 Pa. 102, 106; Pike County v. Rowland, 94 Pa. 238; Mason v. The Directors of the Poor, 126 Pa. 445; Logan v. Rochester Township, 21 Pa. Superior Ct. 113, 115; Clearfield Realty Company v. County Commissioners, 21 D. R. 495; Delaware & Hudson Canal Company v. Walsh, 11 Phila. 587.

*Clarence L. Shaver,* and with him *Daryle R. Heckman* and *E. E. Kiernan,* for appellee, cited: Com. v. Hanna, 33 Co. Ct. 498; Pardee v. Schuylkill County, 276 Pa. 246, 253; Jermyn v. City of Scranton, 186 Pa. 595; Manor Real Estate and Trust Company v. Cooper, 209 Pa. 531, 540; Saupp v. Streit, 258 Pa. 211, 215; Weisenberger v. Huebner, 264 Pa. 316, 320; Mansfield v. Redding, 269 Pa. 357, 362; Reilly v. Magee, 272 Pa. 406, 410.

OPINION BY GAWTHROP, J., July 2, 1924:

This is a bill filed by the plaintiff company to restrain the defendants from collecting a balance of school and road taxes alleged to be due for the year 1922.

The plaintiff is the owner of coal lands in Jenner Township, Somerset County.

In contemplation of the triennial assessment to be made for the years 1922, 1923 and 1924, the commissioners of Somerset County, about September 1, 1921, sent notices to all of the coal companies which had been assessed for taxes in 1921, requesting them to furnish certain information in relation to their assessments and holdings. The precept to make the triennial assessment of property for the years 1922, 1923 and 1924 was issued to the assessor of Jenner Township in proper time and his return was made to the commissioners' office December 19, 1921, twelve days before the date fixed by the statute for the return thereof. The return contained the names of all taxables and the acreage of each piece of real estate but no valuations of any real estate. From the data and information received from the coal companies and after an inquiry and examination as to the value of coal lands throughout the township, the county commissioners made valuations of the real estate and inserted them in the transcript returned by the assessor. The total assessment of the plaintiff company according to these valuations was $185,332. On January 17, 1922, the county commissioners levied a tax for county purposes. On January 20, 1922, they organized as a board of revision of taxes. On January 25, 1922, as appears by the minutes of the board of revision, it was decided to equalize the assessments in the various districts. They assessed the real estate in Jenner Township at an increase of 70% over the 1921 valuations, and resolved that all mineral valuations should "be adjusted to conform to the schedules agreed upon by the board of revision, acting upon data collected by the county engineer's office, credits to be allowed for exhausted acreage, outcrop, fault, etc., upon sworn statements being furnished by owners, the chief clerk to cause such adjustments to be made and reported to the various districts from time to time as the reports require are submitted." The county

commissioners gave notice by advertisement that they would sit as a board of revision for the purpose of hearing appeals for Jenner Township on February 27, 1922, for all purposes except the hearing of appeals from the assessments of coal lands. The latter hearings were set for March 6, 7 and 8, 1922. The officers of the plaintiff company attended the hearings. The minutes of the board of revision show that on March 6th, 7th and 8th all members of the board were present and that they heard appeals upon mineral holding assessments; that on March 9th and 10th all members were present examining appeals and making adjustments; and that on March 10th the board adjourned to meet at the call of the chairman. There is no other minute of the meeting of the board of revision until January 25, 1923. On March 4, 1922, the supervisors of Jenner Township levied the township tax. At that time no list of taxables or valuations had been furnished to the township supervisors by the county commissioners for the year 1922. On March 22, 1922, the chief clerk of the county commissioners mailed to the defendant school district and the defendant township a copy of the assessment record for Jenner Township as it then stood in the commissioners' office. This purported to be a duplicate of the "last adjusted valuation, Jenner Township, 1922." The valuation of the plaintiff's property as contained therein was $185,332, which showed no change in the valuation as originally made by the county commissioners. There is no record in the minutes of the board of revision that any changes were made in any of the valuations from which appeals had been taken. But the president of the board of county commissioners testified that the commissioners, sitting as a board of revision, after hearing the appeals, adjusted and revised the valuations of all mineral holdings and instructed the clerks in the commissioners' office to enter the adjusted valuations in the assessment books in that office; that that is where the recommendations and action of the board of revision were re-

corded. The valuation of the plaintiff's property, as it appears after their adjustment, was $131,815. The date of this revision was about June 8, 1922. At the same time the county commissioners sent a notice to the defendant school district and the defendant township to change the total valuation of the plaintiff company to $131,815. To correct a plain error, through which the plaintiff company was assessed with a tract of land which it did not own, these figures were reduced later to $93,117. But under the view we take of the case, this change is not important. In the meantime, however, on May 6, 1922, the plaintiff company had appealed to the court of common pleas from the assessment or valuation of the county commissioners, sitting as a board of revision, although, as already stated, the board of revision did not act upon the appeals which it had heard until about June 8, 1922. The appeal to the common pleas was premature because taken before the board of revision had acted on the plaintiff's appeal. (Act of April 19, 1889, P. L. 37.) On May 27, 1922, the defendant school district levied its tax for the ensuing fiscal year beginning July first. The tax of the plaintiff company was levied upon a valuation of $185,332. The defendant township and the defendant school district undertook to collect from the plaintiff company taxes levied upon that valuation, although, as appears by the record, and indeed is admitted in the defendants' counter-history of the case, the chief clerk of the county commissioners had notified the defendants of a reduction in the valuation of the plaintiff's property to $131,815. On July 15th, the plaintiffs withdrew their appeal to the common pleas. About the first of January, 1923, the county commissioners made a further reduction in the valuation of the plaintiff's property to correct an error in assessing land referred to as the "Jonas Ankeny Tract," to the plaintiff although not owned by it. This further reduction reduced the plaintiff's assessment, on which the county taxes were claimed and collected, to $93,117. On that

amount the company paid its township and school taxes. The defendant township and school district, by their tax collector, levied upon the plaintiff's personal property for taxes on that part of $185,332 on which the tax has not been paid. This bill was filed and a preliminary injunction issued. On final hearing the court dissolved the preliminary injunction and dismissed the bill. The plaintiff has appealed.

Although the record contains twenty-two assignments of error, the disposition of the case requires the solution of but one question: (1) Was the township and school tax levied upon the last adjusted valuation for county purposes?

It seems to be conceded by both parties, as indeed it must, that the levy for both road and school taxes for the year 1922 must be made on the last adjusted valuation for county purposes. (See Act of May 16, 1921, P. L. 575, and section 3 of the Act of May 11, 1921, P. L. 508.) What is meant by "the last adjusted valuation for county purposes," is no longer an open question in this State. Our taxing system is entirely a creature of statutory law and the several steps required to be taken in the assessment and collection of taxes are regulated by statute: Frick Coke Co. v. Mt. Pleasant Township, 222 Pa. 451, 456. Three agencies may be employed in the assessment of property for taxation. These are the assessors, the board of revision and the court of common pleas. The assessors seek out taxable property in their respective districts, ascertain the names and residences of the owners and estimate its actual cash value. The result of their work is arranged in a schedule which is familiarly known as "the assessment": Williamson's Est., 153 Pa. 508, 516. The county commissioners, sitting as a board of revision, may raise or reduce the value placed on the property by the assessor and, having examined and corrected the assessment, they are required to send a transcript of the assessment, together with a statement of the rate, to the assessor who is required to

notify the taxable of the day fixed for an appeal. If the taxpayer desires, he may appear before the commissioners, sitting as a board of revision, and ask for a modification of his assessment. After hearing the appeals, the board of revision is required to regulate the assessment according to the alterations made. By the Act of April 19, 1889, P. L. 37, any owner of taxable property may appeal from the decision of the board of revision to the common pleas. It was pointed out by Mr. Justice MESTREZAT, in Frick Coke Co. v. Mt. Pleasant Township, cited, not only that the mere return of the township assessor is not an "adjusted valuation" but that until the commissioners have examined and corrected the assessor's return and the board of revision has given the taxpayer an opportunity to be heard and has thereafter finally adjudicated the valuation, there is no assessment or valuation upon which a tax can be levied for either county or township purposes. That learned and experienced judge said further: "As long as the valuation returned by the assessor is open to correction by the board of revision, it certainly cannot be that the valuation has been adjusted within the contemplation of the statute." The statute to which he referred was the Act of April 12, 1905, P. L. 142, which required township supervisors to levy a road tax upon "the last adjusted valuation for county purposes, and which shall be furnished to said road supervisors by the commissioners of the proper county." That case compels us to hold that the road supervisors and the school directors in the present case did not levy the road and school taxes upon "the last adjusted valuation for county purposes." As was said by Judge PORTER in Plains Township App., 21 Pa. Superior Ct. 68, 74, "the valuation for purposes of taxation is the assessment corrected by the county commissioners, after they as a board of revision have disposed of all appeals." If there has been a final adjudication by the board of revision, that amounts to a "last adjusted valuation for county purposes." An appeal to

the common pleas is not a supersedeas and does not prevent either the levy or collection of the tax. If the valuation is reduced, the excess of taxes is returned to the person who paid them: Frick Coke Co. v. Mt. Pleasant Township, cited. But, until the board of revision has disposed of the appeals before it, there is no "adjusted valuation for county purposes." The appeal of the plaintiff company to the board of revision from its assessment had not been disposed of when the defendant school district and the defendant township levied their taxes. That the duplicates furnished to the road supervisors and to the school directors by the county commissioners purported to be of a "last adjusted valuation" for the Township of Jenner for the year 1922 did not make them such. The provisions of the statute as to the valuation upon which road and school taxes shall be levied are clear and mandatory. Local taxing boards, township supervisors and school directors, must understand that it is their duty to be sure when they levy their taxes that the levy is made upon the "last adjusted valuation for county purposes." If at the time the tax must be levied for a particular year it is impossible to secure the adjusted valuations which are based upon the assessor's return for that year, the levy must be made on the adjusted valuations of the last year in which there was an adjusted valuation. Our Supreme Court so held in Shenango Furnace Co. v. Fairfield Township, 229 Pa. 357. We are constrained to hold, therefore, that the taxes, the collection of which this bill seeks to restrain, were not levied on the last adjusted valuation for county purposes, and that the defendants must be restrained from the collection of the balance claimed by the defendant township and the defendant school board.

We deem it unnecessary to discuss the other questions raised by the assignments of error, except to state that we think, under the decisions in Frick Coke Co. v. Mt. Pleasant Township, and Shenango Furnace Co. v. Fairfield Township, cited, and Byers v. Hempfield Township,

226 Pa. 278, equity has jurisdiction and that the remedy invoked by the plaintiff company is the only one which can give adequate relief.

The decree is reversed, the bill is reinstated, and the record is remitted to the court below with direction to enter a decree consistent with this opinion.