## Kaemmerling v. New Castle Township School District, Appellant.

Argued April 16, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. F. Mahoney,* with him *H. O. Bechtel* and *J. O. Ulrich,* for appellant.

*George M. Roads,* for appellee, was not heard.

PER CURIAM, May 13, 1929:

The triennial assessment made in 1922 valued plaintiff's unseated land in New Castle Township, Schuylkill County, at $256,717; upon this valuation the school board of that township levied a tax for the year 1922 at 8 mills, amounting to $2,053.74, and for the year 1923 at 10½ mills upon the same valuation, amounting to $2,-695.60. On appeal to the court of common pleas and later to this court (282 Pa. 78), the valuation of the property was finally reduced to $51,300. Plaintiff failed to pay the tax based upon the original valuation, and, while her appeal was pending, the property was advertised for sale by the school authorities; whereupon the amounts levied for the two years named were paid, and later, subsequent to the valuation being reduced, this action was brought to recover the difference between the amount paid and the sum due based upon the reduced valuation. A verdict was rendered in plaintiff's favor for the excess payment amounting to $4,622.81, including interest to date of verdict. Defendant appealed.

Plaintiff bases her right to maintain her action upon the Act of April 19, 1889, P. L. 37, while defendant contends the act referred to is unconstitutional because the title fails to give notice of the statute's provision providing for return of excess payments. The title of the act is "An act authorizing appeals from assessments

of taxes in this Commonwealth to the court of common pleas." The legislation gives to any aggrieved owner of real estate or other taxable property the right to appeal within sixty days from the valuation of such property fixed by the county commissioners or board of revision, to the court of common pleas, and enjoins upon the court after hearing to make such orders and decrees touching the matter complained of as may seem just and equitable, "Provided, however, that the said appeal shall not prevent the collection of the taxes complained of, but in case the same shall be reduced, then the excess shall be returned to the person or persons who shall have paid the same." In cases of this character the Act of June 26, 1901, P. L. 601, provides for appeals from the common pleas to this and the Superior Court; the latter act also contains a proviso identical with that contained in the earlier statute above referred to. The constitutionality of the Act of 1889 cannot at this late day be successfully challenged, its legality has been questioned before in both appellate courts, upon the exact ground here alleged against its validity, and without exception its provisions have been sustained. In Rockhill Iron & Coal Co. v. Fulton Co., 204 Pa. 44, 51, we held, "The title could not have more plainly expressed the subject unless it had been an index of the provisions of the act, which last, we have more than once decided, is not a constitutional requirement. We believe the purpose of this act was to promote fair and impartial imposition of the public burdens,......we will not on trivial technicalities frustrate that purpose." And in Frick Coke Co. v. Mt. Pleasant Twp., 222 Pa. 451, 457, we said: "While the Act of 1889 authorizes an appeal to the common pleas from the final adjudication of the board of revision, the appeal is not a supersedeas and does not prevent the collection of the tax. If the valuation is reduced, the excess of taxes is returned to the person who paid them." This last case was cited and followed in Quemahoning

Coal Co. v. Jenner Twp., 83 Pa. Superior Ct. 577, 583. Other cases of both appellate courts might be cited to the same effect.

Judgment affirmed.