# Erie School District v. Erie County Board of Assessment Appeals (No. 2)

*John W. Beatty*, for plaintiff.
*Ira John Dunn*, for defendant.
*Robert N. Spaeder*, for intervenor taxpayers.

McCLELLAND, *J.*, December 3, 1980—Herewith is another opinion in the endless saga of the tax situation in Erie City, Pa.

A former opinion, 17 D. & C. 3d 382 (1980), discussed the "deadline issue." This opinion discusses the "timing issue."

In mid-1979 the school district of the city of Erie passed its budget for 1980. It relied on the county assessments to establish its millage rate.

As a result of the switch from lower city valuations to higher county valuations, the county faced many appeals which were completed in December, 1979.

Reductions were granted to various taxpayers and the school district may lose $300,000 in antici-

pated tax revenue because of the reductions which were granted subsequent to the passage of the school district budget.

Thus, the school district asks that the tax reductions be applied prospectively.

Initially, we will address the issue raised by defendants as to the propriety of plaintiff's action in presenting this issue. Defendants contend that the parties executed a stipulation [Appendix A] which limited argument to the "deadline issue." While this court did, in fact, limit the prior opinion to resolution of the "deadline issue," we do not believe that the "timing issue" was thereby foreclosed.

·A careful examination of the stipulation illustrates that the agreement does not prohibit discussion of issues other than the "deadline issue." The "timing issue" is properly before us and we will proceed with a discussion on the merits.

Initially, tax laws are to be strictly interpreted in favor of the taxpayers: Stannert v. Williamsport Area School Directors, 29 D. & C. 2d 231, 234 (1962).

The taxpayers in this case properly and diligently pursued the appeal of their assessment valuations. The board of assessment appeals also acted with due diligence in the disposition of those appeals. For this court to now order that the results of those appeals be stayed for a tax year would, we believe, unjustly deprive the taxpayers of their statutory rights. Such a decision would also go against the great weight of authority in this jurisdiction.

The brief submitted by the taxpayers in this case correctly sets forth the legislative scheme which the school district and this court must follow.

Specifically, the school district is obligated to use the last adjusted valuation of real estate for taxa-

tion purposes: Public School Code of March 10, 1949, P.L. 30, 24 P.S. §6-677(a). Cases have consistently held that the last adjusted valuation is that assessment figure set by the board of assessment appeals upon disposition of the appeal: Quemahoning Coal Co. v. Twp. of Jenner, 83 Pa. Superior Ct. 577 (1924); Shenango Furnace Co. v. Fairfield Twp., 229 Pa. 357, 78 Atl. 937 (1911); Frick Coke Co. v. Mt. Pleasant Twp., 222 Pa. 451, 71 Atl. 930 (1909).

The last adjusted valuations adopted by the school district in its resolution of June 23, 1979 [Appendix B] were figures of the county assessment bureau as of January 1, 1980.

Those figures included the reductions granted to the taxpayers in this case.

This court does not wish to discount the school district's financial predicament resulting from the divergent calendars of the District and the county but we are powerless to alter the taxing scheme to accommodate the school district.

The solution for the school district lies in the legislative branch, not in the courts.

The order of court is that the tax reductions here in question cannot be applied prospectively.

## APPENDIX A
## STIPULATION

It is hereby agreed by and between the undersigned counsel as follows:

1. It is hereby agreed by all parties that there will be no necessity to have any more rehearings for

1980 county assessment reductions, with the exception of the properties on a separate list which will be filed herewith in which both the City of Erie and the School District of the City of Erie want rehearings for valuation purposes. It is agreed by all parties that there will never be any rehearings, except for the attached list, for any property which was granted a 1980 county assessment reduction. However, it is also agreed that the fact that no more rehearings will be held will not jeopardize the rights of all parties to have the deadline issue resolved by this court in the within proceeding.

2. The following factual stipulations are also entered into:

a. It is agreed that the 1979 100 percent county assessment valuations, as reflected in the county assessment roll, were not unilaterally changed by the county assessment board for any purpose in 1980 on any of the properties which received reductions.

b. It is agreed that the same one hundred percent 1979 county assessment figure was used to form the basis for the 1980 100 percent county valuations for all of the properties in question.

c. It is further agreed that the 1979 county tax bills for all of the properties in question were based on 40 percent of the 100 percent valuation and that the 100 percent figure, which appears only on the county assessment roll itself, was not set forth on 1979 tax bills or other notices to taxpayers.

d. It is agreed that all of the taxpayers in question received a city and school property assessment change notice which is the uppermost notice on Bukowski deposition 4, in which a new 100 percent figure is set forth. It is further agreed that this 100

percent figure is the same 100 percent 1979 county assessment roll figure for all properties in question.

e. It is agreed that the 1979 city and school taxes for the taxpayers in question were based on a 100 percent assessment value which arose from 1954 city assessments, which were different, except by coincidence from the assessed values on the county assessment roll.

f. Since the parties disagree as to when, how, and why the city assessment office ceased to exist and ceased to operate, this issue is not a part of the stipulation and will be argued by the respective parties.

g. All parties hereto agree that the preliminary objections filed against the within action are withdrawn and it is agreed that this honorable court should accept jurisdiction on the equity case and decide the deadline issue.

## APPENDIX B

To whom it may concern:

The following action transpired at a special session of the Board of School Directors of the School District of the City of Erie, Pa., on Saturday, June 23, 1979:

MR. LO CASTRO moved that the Board authorize the City Tax Collector, as of January 1, 1980, to use the County Assessment figures at 100% value for School District Tax purposes.

(Mr. Brown) Agreed to, upon roll call:

Ayes: Directors Brown, Giovannelli, Lo Castro, Narducci, Shields, Sparaga, Zurn, Petrus ..... 8.

Nays: Director Harkins .................... 1

Catherine S. LeFaiver, Secretary