## Byers, Appellant, v. Hempfield Township.

*Equity—Injunction—Inadequate remedy at law—Taxation.*

1. Equity has jurisdiction to restrain by injunction an attempt on the part of the supervisors to enforce the collection of a road tax which they have no power to impose. If the tax is a lawful one, but the manner of collecting it is oppressive or unfair, the taxpayer injured has an adequate remedy at law by an appeal.

2. A bill in equity by taxpayers against supervisors to enjoin the collection of road taxes will be sustained where the bill specifically avers that there was not sufficient valid legal indebtedness in making a levy of two mills for debt; that a one and one-half mills cash tax for state roads was excessive and much greater than the sum required for that purpose; and that the levy of a one-half mill cash tax for roadmaster's salary and expenses was without authority of law.

MR. JUSTICE ELKIN dissents.

Argued Oct. 15, 1909. Appeal, No. 2, Oct. T., 1910, by plaintiffs, from decree of C. P. Westmoreland Co., No. 652, In

Equity, dismissing bill in equity in case of A. R. Byers et al., for themselves and other citizens and taxpayers of Hempfield Township, v. Hempfield Township and W. F. Holtzer et al., Supervisors, and Joseph Barclay, Treasurer of said Township. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction. Before DOTY, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing the bill.

*John E. Kunkle,* with him *Edward E. Robbins,* for appellants.—The court had jurisdiction: Dunne v. Deegan, 43 Pa. 334; Childs v. Brown Twp., 40 Pa. 332; Conner's App., 103 Pa. 356; Arthur v. School Dist., 164 Pa. 410; Light & Heat Co. v. Elk County, 191 Pa. 465; Payne v. School Dist., 168 Pa. 386; Miller v. German, 38 Pa. 309; Mitchell v. Kearns, 16 Pa. Superior Ct. 354.

*Robt. W. Smith,* with him *W. S. Rial* and *James S. Moorhead,* for appellees, cited: Frick Coke Co. v. Mt. Pleasant Twp., 222 Pa. 451; Moore v. Taylor, 147 Pa. 481; Van Nort's App., 121 Pa. 118.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1910:
  This bill was filed by the plaintiffs, citizens and taxpayers of Hempfield township, Westmoreland county, against the township and its supervisors and treasurer to restrain them from collecting a special cash road tax of five mills, or such part thereof as should be determined to be illegal and without authority of law. The bill averred, inter alia, that the supervisors had levied a work road tax for 1908 of three mills, and a cash road tax of five mills for the following purposes: "two mills for debt, one and one-half mills for construction of state roads; one-half mill for roadmasters' and other salaries, etc., and one mill for maintenance and improvement of roads;" that there was not sufficient legal debt to warrant the levy of a two mill

cash tax; that one and a half mills for construction of state roads is excessive and is not necessary; that the levy of one-half mill for roadmasters' salaries and expenses is without authority of law; and that one mill for maintenance and improvement of roads is illegal. It was also averred that to permit the collection of the cash road tax would cause irreparable injury to the taxpayers in contemplation of the law and that the plaintiffs are without legal remedy. The defendants filed an answer to the several allegations contained in the bill, and averred that the court was without jurisdiction, the plaintiffs having a complete and adequate remedy at law. The learned court below sustained the objection to the jurisdiction and dismissed the bill. This raises the only question which we think is necessary to be disposed of on the present appeal.

In Frick Coke Co. v. Mt. Pleasant Twp., 222 Pa. 451, relied on by the court below, the plaintiff company filed a bill to restrain the defendants from collecting road taxes for the year 1907. The company contended that the tax should be levied upon the valuation of 1906 which, it claimed, was the last adjusted valuation. The taxing authorities levied the tax upon the valuation for 1907, which was finally adjusted after the date required by law for laying the tax. The taxing officers gave the plaintiff notice to pay the tax on the adjusted valuation of 1907, and the bill was filed to restrain the collection. The common pleas held that an injunction bill would lie, and, on appeal, was sustained by this court. In the opinion of this court, however, the well-settled doctrine was recognized that if the property owner had an adequate remedy at law he must pursue it and could not invoke the assistance of a court of equity to redress his grievances. If the rate or assessment in that case had been irregular, or had been unfairly or improperly imposed, or the valuation was too high, or the acreage assessed to the owner was too great, or for any similar reason was illegal, and an opportunity to appeal had been afforded, the owner would have been compelled to resort for relief to an appeal under sec. 36 of the Act of April 15, 1834, P. L. 509, 2 Purd. (12th. ed.) 1998. But the time for taking an appeal under the act of April 15, 1834, had passed before the taxing

authorities had levied the tax and demanded payment of the plaintiff, and it was, therefore, held, as was manifestly apparent, that the statute did not afford the plaintiff company a remedy, and equity would take jurisdiction. We did not undertake to determine in what cases a party who was aggrieved by the "rate" or "assessment" could be relieved under the statute; we held that under the facts of the case presented for review the statute afforded no adequate remedy for the redress of the plaintiff's grievances.

The bill filed by the plaintiffs in the present case specifically avers that there was not sufficient valid legal indebtedness of the township to warrant the supervisors in making the levy of the two mills cash tax; that the one and one-half mills cash tax to pay for state roads is excessive and a much greater sum than is required to meet the cost of such state roads; and that the levy of one-half mill cash tax for roadmasters' salaries and expenses is without authority of law. It must be conceded that if these averments be sustained, the supervisors are not authorized to levy and collect a tax to pay such indebtedness. The bill does not aver that the acreage assessed to the owners is too great, or that the valuation is too high, or that the millage was irregularly or improperly fixed, the remedy for which is an appeal to the quarter sessions, but that the taxing officers are without authority of law to assess and collect the tax. The right of the supervisors to levy and collect taxes is conferred by statute for the purpose of paying the legal indebtedness of the township, and where there is no such indebtedness or the supervisors attempt to levy and collect taxes beyond what is necessary to meet the indebtedness, they are without jurisdiction and their acts become a nullity. In such cases the power to assess and collect taxes does not exist, and it is the duty of the chancellor, at the instance of one or more taxpayers, to enjoin the officers from collecting them. We think in such case there can be no doubt of the jurisdiction of equity.

In delivering the opinion in Arthur v. School District, 164 Pa. 410, WILLIAMS, J., said (p. 414): "When they (taxing officers) do this (attempt to enforce the collection of a tax which they have no power to impose) the taxpayer has a clear

right to relief by injunction to restrain the illegal act. When the act of the taxing officers complained of is lawful, but is done in an oppressive or unfair manner, the remedy is by appeal. But if the officers are without jurisdiction and the act is illegal, as in the case before us, the proper remedy is by injunction."

In Banger's App., 109 Pa. 79, we held: "When a tax is lawfully assessed, and there are mere irregularities in the valuation and assessment, the court of equity will not restrain its collection by injunction. But where there is a want of power to tax, or there is a disregard of constitutional provisions in the mode of assessment, equity will interfere by injunction to restrain its collection." In St. Clair School Board's App., 74 Pa. 252, Mr. Justice MERCUR, delivering the opinion said (p. 256): "That a court of equity may enjoin against the collection of a tax levied without authority of law is undoubted. Even when legislative authority is given to tax for a certain purpose, yet if the tax levied is clearly in excess of the sum required for that purpose, its collection may also be enjoined." This case was followed and approved in the Appeal of Conners, 103 Pa. 356.

If there was no legal debt to authorize the levy of the two mills tax the supervisors were without jurisdiction and could not levy the tax. If they attempted to levy the tax beyond what was necessary for the construction of state roads, their act was without authority of law and cannot be sustained. It goes without saying that if they levied a tax to pay salaries and expenses which were not authorized by law, they had no jurisdiction and their act is void. These are the averments in the bill, and we think they are sufficient to confer jurisdiction on a court of equity to determine the authority of the taxing officers to levy and collect the five mills cash road tax.

The decree of the court below is reversed with a procedendo.

MR. JUSTICE ELKIN dissents.