Rutherford Water Co., Appellant, v. Harrisburg.

34

Argued April 22, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Spencer G. Nauman,* with him *Wilhelm E. Shissler,* for appellant.—To induce equity to refuse its aid to a suitor, it is not sufficient that he may have some remedy at law: P. R. R. v. Bogert, 209 Pa. 589; Apollo Trust Co. v. Safe Dep. Co., 31 Pa. Superior Ct. 524; Sears v. Trust Co., 228 Pa. 126.

Equity will take jurisdiction to compel the restoration or delivery of possession of specific chattels of a peculiar character: McGowin v. Remington, 12 Pa. 56; Orbin v. Stevens, 13 Pa. Superior Ct. 591; Equitable Trust Co. v. Garis, 190 Pa. 544.

Jurisdiction in equity depends not so much on the want of a common law remedy as upon its inadequacy and its exercise is a matter which often rests in the discretion of the court: Bierbower's App., 107 Pa. 14; Edi-

son Illuminating Co. v. Power Co., 253 Pa. 457; Lehigh Val R. R. v. Graham, 64 Pa. Superior Ct. 437.

· The relief prayed for necessarily invokes the jurisdiction of the court of equity: Williams v. Finlaw, Mueller & Co., 292 Pa. 244.

The existence of a statutory remedy which is not exclusive will not divest the jurisdiction of a court of equity: Hutchinson v. Dennis, 217 Pa. 290.

All the defenses pleaded by defendant are equitable in character.

*John R. Geyer,* with him *Paul G. Smith,* for appellee. —Equity has no jurisdiction because the principal question, and the one on which all other questions depend, is the determination of adverse legal title to pipe lines and water mains: Rhea v. Forsyth, 37 Pa. 503; Washburn's App., 105 Pa. 480; Duncan v. Iron Works, 136 Pa. 478; North Shore R. R. v. Penna. Co., 193 Pa. 641; Sears v. Trust Co., 228 Pa. 126; Richmond v. Bennett, 205 Pa. 470; Long's App., 92 Pa. 171; Williams v. Fowler, 201 Pa. 336; Goss v. Spencer, 245 Pa. 12; Miles Land Co. v. Coal Co., 231 Pa. 155; Wilmore Coal Co. v. Holsopple, 251 Pa. 268; Squires v. Howell, 12 Pa. Superior Ct. 8; Keystone Electric L., H. & P. Co. v. L., H. & P. Co., 200 Pa. 366.

OPINION BY MR. JUSTICE SIMPSON, May 13, 1929:

To plaintiff's bill in equity, defendant made a preliminary objection, apparently under the Act of June 7, 1907, P. L. 440, asserting "that, upon the facts averred, the plaintiff has a full, complete and adequate remedy at law." It also filed a petition, said to be upon the authority of that statute and also of the Act of March 5, 1925, P. L. 23, setting forth, in addition to the averments of the bill, a number of "other facts and matters not appearing [therein], which will be at issue in the determination of the matter," and praying a decision that a "court of equity is without authority, power or

jurisdiction to hear, determine and adjudge that its [defendant's] title [to the property described in the bill] and right of possession are not valid, or to grant the relief prayed for, or any part thereof, before the plaintiff has established its title at law, and that the plaintiff for the matters complained of has a full and adequate remedy at law." Upon this petition, a rule to show cause. was granted, and plaintiff filed an answer, averring, inter alia, "that on the pleadings now before the court no question can be passed upon......except that of jurisdiction......[and] that all the [additional] facts averred in the petition are......purely matters of defense, to be proven at the trial of the cause." Upon considering as well the new matter alleged in the petition as the averments of the bill, the court below made the rule absolute, and certified the case to the law side of the court at plaintiff's cost, because of opinion that a writ of replevin was the appropriate remedy, if the property referred to in the bill was personalty, and ejectment if it was realty. From this order plaintiff appeals.

It is clear that the new matter alleged in the petition should not have been considered at all. So far as the Act of 1925 is concerned, it applies only where a "question of jurisdiction over the defendant or of the cause of action for which suit is brought," is preliminarily raised. We have recently said that the statute was not "intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings, however certain their determination may appear to be" (Lackawanna Co. v. James, 296 Pa. 225) ; a fortiori, it was not so intended as to issues attempted to be raised otherwise. If this was not so, the constitutional guarantee of a right of trial by jury, which defendant so strongly urges, would become little if anything more than a "scrap of paper"; for the entire defense could be set forth in such a petition, and the court, without a jury, could finally decide as to its validity; and this, if not reversed, would be res adjudicata in all later proceedings.

"A cause of action is the particular matter for which suit is brought. In ejectment the cause of action is the possession of land by one to the exclusion of another entitled to the possession of it": Rochester Boro. v. Kennedy, 229 Pa. 251. This is so, also, in the case of personalty. Hence, even if we were to assume that the bill only sought to recover possession of the water pipes and mains referred to in it,—which, as we will later show, is far from correct,—still the cause of action would have been within the jurisdiction of the court below, and the only open question would have been, on which side of the court, law or equity, that jurisdiction would have to be exercised? This being so, the Act of 1925 is inapplicable, for "whether a case may be brought in the chancery form is only a question of form [of action] and not of jurisdiction": P. R. R. Co. v. Bogert, 209 Pa. 589, 602; Smith v. McClure, 257 Pa. 168, 171.

In reaching this conclusion we have not overlooked section 4, which provides that "the right of appeal here conferred is not intended to cover questions of jurisdiction which go to the *form* of the action alone as between law and equity, such as provided for in the Act of June 7, 1907, P. L. 440." As we have already shown, the Act of 1925 does not apply to questions regarding the form of the action, but only where the "cause of action" is challenged; hence section 4 was probably inserted out of an abundance of caution only; especially as the Act of 1907 deals with a specific subject, and would not be superseded, in whole or in part, by the general Act of 1925, there being nothing in the later statute showing this to have been the legislative intendment: In re Opening of Parkway, 249 Pa. 367; Morrison v. Fayette Co., 127 Pa. 110. In any event, we find no sufficient reason to suppose the legislature meant to repeal the Act of 1907, or to give two different remedies for the subject-matter with which it deals. In fairness to appellee's counsel, it should be said that no such claim was made by him.

Turning then to the Act of 1907, we find it provides that if a defendant wishes to challenge the right of plaintiff to proceed in equity, he must raise the question in limine, "before a hearing of the cause upon the merits." It does not provide for bringing upon the record other facts than those set forth in the bill. To do this would result in a hearing upon the merits; hence under this statute also the question must be determined upon the averments of the bill only. Nor does it provide for a final decree for defendant, however inadequate those averments may be; this can only be raised preliminarily under Equity Rule 48. Nor does it provide any standard for determining whether or not equity has jurisdiction; this is left as theretofore, and hence, unless the remedy at law is as full, complete and adequate as equity would give to plaintiff, the chancery jurisdiction will be sustained: P. R. R. Co. v. Bogert, supra; Sears v. Scranton Trust Co., 228 Pa. 126. What then, substantially, are the allegations of the present bill?

Epitomizing, and in some degree restating them, we find plaintiff avers it for some time has had and still has the ownership and right to possession of the water system, pipe lines, mains and entire distribution system, in what is known as Forney's Addition to the Borough of Penbrook, with the right to supply water to the inhabitants thereof; that defendant is in wrongful possession of said system, lines and mains; has been and is wrongfully serving water through them to the inhabitants of said addition, and wrongfully collecting the service charge for so doing; that it proposes to continue such service and collection in the future; and it denies plaintiff's right to said system, lines, mains and service charges. The bill prays for a decree requiring defendant to turn over to plaintiff "the control and operation of the said water system, pipe lines, mains and entire distribution system in said Forney's Addition"; an injunction to prevent defendant "from collecting and continuing to collect moneys for water served to residents"

therein; and for an account and payment over of all such past collections.

From this review of the bill it must be clear beyond cavil that no remedy at law would be adequate to give to plaintiff the relief it seeks, and to which it would be entitled if it has owned and now owns the pipe lines, mains and entire distribution system in Forney's Addition, and it alone has been and is entitled to serve water to and collect the service charges from the residents therein. It is also clear that plaintiff is not compelled to first establish its right thereto at law, since there is no such requirement, where, as here, its right to the relief sought is, in itself, of an equitable nature.

The order of the court below is reversed, the bill in equity is reinstated and a procedendo is awarded; the costs to abide the event of the suit.