## Jarrett et al. v. City of Allentown et al.

*George J. Joseph, for* plaintiffs.
*Joseph B. Walker,* for defendants.

HENNINGER, P. J., January 18, 1954.—Plaintiffs, describing themselves as qualified electors, citizens, residents and taxpayers of the County of Lehigh and as acting on behalf of themselves and all other citizens and taxpayers of the county, brought this action in equity against the City of Allentown and certain of its officials to restrain the removal by city council of a monument erected by the County of Lehigh at the intersection of Seventh and Hamilton Streets in Center Square of the City of Allentown.

The complaint avers that the monument is the property of the County of Lehigh, that it was placed where

it is by action of the city council through city ordinances enacted in 1899 authorizing the building of the monument at its present location.

The complaint sets forth as its ground for alarm two recent resolutions of city council, the one directing the city clerk to advertise for bids for moving the monument and the other directing that the monument be moved to a point in Cedar Creek Parkway between Hamilton Street and Cedar Creek.

Defendants have filed four preliminary objections: (1) The facts stated do not constitute a cause of action on which plaintiffs are entitled to an injunction; (2) there is an adequate remedy at law; (3) no allegation of waste or disposition of county assets, and (4) no averment why the County of Lehigh is not bringing any action or why it is not a party thereto.

Taking objection no. 2 first, plaintiffs rightly claim that the monument is a symbol of man's eternal struggle for freedom. The documentary evidence shows that it is a memorial to Lehigh County soldiers in the Union Army during the Civil War. Plaintiffs aver that it will be destroyed in removal, which may or may not be accurate.

In any event it is not such an object whose destruction could be compensated for in damages. Plaintiffs rightly contend that equity will take jurisdiction of litigation even when there may be some remedy at law, if the remedy in equity is more effective: Rutherford Water Co. v. Harrisburg, 297 Pa. 33, 38; Poinsard v. Poinsard et al., 117 Pa. Superior Ct. 313, 317.

Turning to objection no. 1, we are convinced that there is a valid cause of action upon the facts stated, by which plaintiffs challenge the right of the City of Allentown either to move or to remove the monument upon the basis of the resolutions cited, which read as follows:

*"Exhibit D—Resolution No. 12610—Resolved* by the Council of the City of Allentown that the City Clerk be and the same is hereby authorized and directed to advertise for bids for moving the Soldiers' and Sailors' Monument at Center Square."

*"Exhibit E—Resolution No. 12643—Resolved,* by the Council of the City of Allentown, that the Soldiers' and Sailors' Monument now located at Center Square be moved to a point in the Cedar Creek Parkway between Hamilton Street and Cedar Creek, the exact location to be decided upon by the Park and Engineering Departments."

For the purposes of this decision, we must decide first the status of the monument. It is clearly the property of the County of Lehigh. It was erected pursuant to the Act of the General Assembly of May 22, 1895, P. L. 96, which provides that the county commissioners are authorized to erect and maintain at the county seat a suitable monument in memory of the soldiers and sailors of the late war of the rebellion, from the county.

City council by ordinance provided, inter alia, as follows:

"Section 1. That permission be and is hereby granted to the County of Lehigh to erect a Soldiers' Monument in the centre of Seventh Street on the south side on the public square."

This location was changed by a later ordinance amending section 1 to read: "That permission be and is hereby granted to the County of Lehigh to erect a Soldiers' Monument at the intersection of the centre of Seventh and Hamilton Streets".

Our attention has not been called to any later transactions between the city and the county which would effect a change in title to the monument and we know of no such transactions. We are convinced that neither permissive erection upon a city street nor gracious

phrases in dedicatory exercises would operate to bring about a change in ownership.

The status of the monument therefore is that of county property athwart a street intersection in a public square, placed there by permission of the city authorities.

Plaintiffs' counsel contends that because the monument is erected on a public square, city council has lost its right to regain use of the site for use of the traveling public. His research, diligence and learning deserve serious consideration of his thesis but since we are not deciding the present objection on that point, it need not be discussed here, excepting to call attention to these propositions: (1) That the Act of 1895, supra, simply authorizes the county to expend its funds for the erection of monuments at the county seat and has no bearing upon the status of the site of any such monument; (2) the ordinances of the city are mere licenses to erect and are not a dedication of any ground, and (3) the site is described as the intersection of existing streets without vacation thereof. We have grave doubts, therefore, that the city is perpetually to be restrained at the instance of private citizens from regaining the use of its streets, should present or future exigencies so require.

It would not follow, however, from any right of the city to reclaim for its former use streets on which it permitted a monument to be erected, that it can remove such a monument by the informal and summary action recited in the complaint.

It is not for us to advise city council how to bring about the removal of the monument. At the very least, however, city council would first have to repeal its ordinance of permission and then treating the monument as an obstruction, order its removal.

Even if treated as a mere obstruction, the monument is not such an obstruction as constitutes a trespass,

but it is one rather by permission or license (Livingston v. Wolf, 136 Pa. 519, 534), and before the city can remove the obstruction, the owner must be given an opportunity to do so. Easton Passenger Railway Co. v. Easton, 133 Pa. 505, 520. Perhaps that has been done but the pleadings do not indicate that fact and it therefore becomes the subject of an answer and the defense cannot be raised by preliminary objection.

Furthermore, since the monument is the property of the County of Lehigh, although it may be for the city to decree whether the monument shall be removed as an obstruction to traffic, it is for the county commissioners to determine to what location within the county seat it shall be moved.

Should the county fail to move the monument upon proper demand therefor, then and only then could the city under any circumstances remove the monument and let the granite chips fall where they may.

In the companion case of Romig v. City of Allentown, June term, 1953, no. 6, we have already discussed the question of the city's right to reërect the monument, but that has no bearing upon its right of removal, should the county fail to act after appropriate city action. Whether or not city council would order removal of the monument without assurance of its reërection is a matter for it to decide.

Since there seems to be cause for action, we inquire into plaintiffs' right to proceed.

We need not rely on personal knowledge of plaintiffs' interest in veterans' affairs to justify their action in these proceedings. They are not interfering in county affairs, but as interested citizens are seeking to preserve what they consider a public trust. This they have a right to do: Trustees of the Philadelphia Museums v. Trustees of the University of Pennsylvania, 251 Pa. 115.

If the city feels the need of the joinder of the county, there is procedure available to them to procure that joinder.

Now, January 18, 1954, defendants' preliminary objections are dismissed and it is ordered that they answer on the merits within 20 days after service of this order on the city solicitor.