Jacobs *v.* Fetzer, Appellant.

Argued January 6, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Theodore Smithers,* with him *Chadwick, Curran, Petrikin & Smithers,* for appellants.

OPINION BY MR. JUSTICE JONES, March 23, 1955:

The Borough of Ridley Park in Delaware County enacted a zoning ordinance on October 12, 1948, which provided a comprehensive plan of zoning for the entire borough. Approximately four years later, William Jacobs, the plaintiff, purchased a number of contiguous unimproved lots in the borough for development purposes. All of the lots so purchased were situated in a district zoned by the ordinance as R-1 Residential. The minimum building standards prescribed for an R-1 Residential District were single-family dwellings, one to a lot, the lots having a minimum width of forty feet each.

Desiring to build semi-detached or other type two-family houses on his lots, Jacobs petitioned the borough council for an amendment of the zoning ordinance to the end that his property would be reclassified as R-2 Residential. Twin or other type two-family houses were permitted by the ordinance in an R-2 Residential District. The council refused Jacobs' petition. Thereupon, he file his complaint in equity in the instant suit against the burgess, the members of council and the secretary of council of Ridley Park, averring that the property of which he was the owner, was zoned discriminatorily when compared with the zoning of other designated properties lying to the rear of his property. In other words, the plaintiff's property was on the one side of the R-1 Residential Zone.

The complainant prayed the court to declare the zoning ordinance unconstitutional, illegal and void insofar as it classifies his property as located in an R-1 Residential District; that an injunction issue restraining the defendants from taking any action under the

provisions of the ordinance, or its amendments, affecting his property; and that the court order and direct the borough council to amend the ordinance so that the plaintiff's land would be reclassified as located within an R-2 Residential District. The defendants answered to the merits. Following a hearing of the case, the chancellor entered a decree *nisi* which, upon the dismissal of exceptions thereto, was made final by the court en banc. The decree sustained the plaintiff's bill, declared the ordinance unconstitutional, invalid and of no effect as it applied to the property owned by the plaintiff and restrained the defendants from enforcing the provisions of the ordinance, or its amendments, against the plaintiff's land insofar as it imposed the restrictions of an R-1 Residential classification upon his property. The matter is here on the defendants' appeal from the final decree.

It is unnecessary to enter upon a discussion or consideration of the chancellor's findings and conclusions. The bill of complaint must be dismissed. Equity is without jurisdiction of the matter. The borough's zoning ordinance was enacted pursuant to authority legislatively conferred on boroughs, originally, by the Act of June 29, 1923, P. L. 957, later supplemented and added to The General Borough Act of 1927, P. L. 519, as Article XXXIII by Section 93 of The Borough Code of 1947, P. L. 1621, 1833, 53 PS §15211.1 et seq. The constitutionality of zoning statutes has long since been recognized in this State: see *Taylor v. Moore,* 303 Pa. 469, 472, 154 A. 799. Consequently, no question as to the power of the borough to enact the ordinance is present.

The ordinance provides, as authorized and required by the empowering Act of Assembly, for a board of adjustment, a right of appeal thereto by any person aggrieved by a decision of an administrative officer

and also for an appeal to the court of common pleas of the county by any person aggrieved by a decision of the board of adjustment. In the instant case, however, the plaintiff's application with respect to his requested use of his property was never taken to the board of adjustment. He applied directly to the borough council for an amendment re-zoning his property, which the council refused to do. It is plain enough that the procedure statutorily prescribed for testing the validity of substantive provisions of a zoning ordinance or the method of its administration is through application to the board of adjustment by one aggrieved by the decision of a borough administrative officer in respect thereof and, thereafter, by appeal to the court of common pleas if the decision of the board of adjustment is likewise adverse.

Section 13 of the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, 46 PS §156, prescribes that "In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect."

In *Taylor v. Moore,* supra, the plaintiff sought a permit from the zoning inspector for a gasoline station in a district zoned residential. The inspector refused a permit. The plaintiff appealed to the board of adjustment with like result. Instead of pursuing further the statutorily prescribed procedure (i.e., an appeal to the common pleas), the plaintiff sought by mandamus to compel issuance of a permit. The defendant moved to quash the writ on the ground that the plaintiff should have appealed to the court of common pleas from the action of the board of adjustment.

The plaintiff countered that he could not use the appeal provisions of the zoning ordinance while, at the same time, attacking its provisions as confiscatory. We rejected that contention, however, and noted that the borough's authority to enact a zoning ordinance and the validity of the procedure for appeal in respect thereof were unquestionable; and that, since the Act of 1806 required pursuit of the statutory remedies, the plaintiff could not be barred on his appeal to the court of common pleas from pressing his contention of confiscation. By way of analogy, we pointed out that "In assessment of properties, the legislature has provided a special remedy for property owners aggrieved by the acts of the board of revision. In all such cases we have held that the specific remedy must be pursued, though, through unfairness, oppression, or unreasonableness, confiscation may be the question . . . ." It was further observed that "In all cases which we have been able to examine, except one, questions bearing on the constitutionality or validity of a Zoning Act or ordinance have come to us or the Superior Court through the remedy provided in the act of assembly governing zoning [citing cases]. In Herskovitz et ux. v. Irwin et al., 199 Pa. 155, [the one exception noted,] the proceeding was properly for mandamus, as the court pointed out. In that case, after the board had allowed the permit, the right was complete, and no method existed to compel its issuance except mandamus."

Of course, "If officials act without authority or without power, any appropriate remedy may be used to prevent enforcement of their orders: Byers v. Hempfield Twp., 226 Pa. 278": *Taylor v. Moore,* supra. The distinction was well drawn for this court by Mr. Justice LINN in *Dougherty v. Philadelphia,* 314 Pa. 298, 301, 171 A. 583, as follows: "Equity has jurisdiction

to restrain attempted taxation for total want of power to tax: [citing cases]. But, where the power to tax appears, and the complaint is over-assessment, or inadequate exemption, the remedy is by appeal to the common pleas from the action of the board of revision: [citing cases and, inter alia, Section 13 of the Act of 1806, supra]."

Neither the learned court below nor counsel for either side questioned equity's jurisdiction in the premises. When attention was called to the apparent oversight at the argument of this appeal, counsel cited an article entitled Equity Jurisdiction in Zoning Cases (50 Dickinson Law Review 23) by Judge TOAL who had heard and disposed of the instant case and whose article, in turn, made reference to *Lukens v. Ridley Township Zoning Board of Adjustment*, 367 Pa. 608, 80 A. 2d 765. There is nothing in the *Lukens* case holding or intended to hold that equity has jurisdiction to relieve against the restrictions of a zoning ordinance which has been enacted pursuant to an empowering Act of Assembly. The question was not there involved. True, it was said in the *Lukens* case that "A petition to change and reclassify approximately *16 acres* . . . appears, because of the large acreage involved, to be an application for re-zoning and not for a variance, and if so, the application should be made to the Township Commissioners and not to the Board of Adjustment." But different rules do not obtain for relieving against oppressive zoning restrictions according to differences in the relative sizes of affected properties. All properties within the same zoned district are subject to the same zoning regulations. If, however, a property owner desires to test the constitutionality or validity otherwise of zoning regulations, application to the Board of Adjustment, in the first instance, for relief, followed by an appeal

to the common pleas from the Board's denial of relief, is the means for raising legal questions for judicial determination. Nothing was said in the *Lukens* case from which it could even be inferred that if the local legislative body refuses to re-zone, when so requested, the applicant can then invoke equity's jurisdiction and there have the ordinance amended, if not actually nullified. Indeed, the opinion quoted approvingly from *Taylor v. Moore,* supra, to the effect that "where a remedy or method of procedure is provided or a duty enjoined by any act of assembly, the directions of such act shall be strictly pursued, and we have held that such remedy or procedure is exclusive."

The learned court below erred in entertaining the bill of complaint which should have been dismissed for want of jurisdiction of the subject-matter.

Decree reversed and bill dismissed at the appellee's costs.

DISSENTING OPINION BY MR. JUSTICE BELL:

The majority Opinion, in my judgment, is both erroneous and unwise. Equity has possessed from time immemorial jurisdiction to protect property rights, especially when there is no adequate remedy at law.*

Plaintiff filed a bill of complaint in equity against the Burgess and Council to compel them to re-zone or to have the zoning ordinance declared invalid and void. The Court below granted the alternative relief requested and declared the ordinance invalid. The majority holds that Equity has no jurisdiction, bas-

---

* *Diamond v. Diamond,* 372 Pa. 562, 94 A. 2d 569; *Valley Railways v. Harrisburg,* 280 Pa. 385, 392, 124 A. 644; *York Railways Company v. Driscoll,* 331 Pa. 193, 196, 200 A. 864; *Collegeville Borough v. Philadelphia Suburban Water Company,* 377 Pa. 636, 646, 105 A. 2d 722; *Rutherford Water Co. v. Harrisburg,* 297 Pa. 33, 38, 146 A. 113.

ing its decision on The Borough Code and prior decisions of this Court which, on analysis, are clearly inapposite. It is very important to note (1) that plaintiff did not ask for a building permit or seek an exception or a variance from the Board of Adjustment, *in each of which events* The Borough Code of 1947, §3307, prescribes a method of procedure, and in these cases our decisions hold that the statutory procedure or remedy which was prescribed must be followed; but that (2) neither The Borough Code of 1947 nor the ordinance prescribe any method of procedure where a re-zoning is sought or where the issue, or only issue, is the Constitutionality of an ordinance.

The distinction which the majority opinion has completely overlooked is, we repeat, this: Plaintiff is not seeking a building permit or an exception or a variance; he is seeking a "re-zoning" and he properly brought his bill of complaint, not against the Board of Adjustment, *which is utterly without power, authority or jurisdiction to re-zone or to declare an ordinance invalid,* but against the Burgess and the members of Council of Ridley Park. In such a case, we repeat, *neither The Borough Code nor the Ordinance in question nor any Statute prescribe a method of procedure or a remedy* and consequently Equity has jurisdiction to protect plaintiff's property rights.

The law is clearly settled that "a re-zoning and a variance are fundamentally different; and that it [the Board of Adjustment] has jurisdiction only when the petition is for a variance and not where it is for a re-zoning under the guise of a variance. The legislature expressly vested the power to zone in the Board of Township Commissioners* . . . and did not 'em-

---

* In Boroughs, in the Burgess and Council: The Borough Code of 1947.

power a board of adjustment to set at naught the zoning statute and ordinance under the guise of a variance': Devereux Foundation, Inc., Zoning Case, 351 Pa. 478, 485, 41 A. 2d 744. It appears that the Board of Adjustment would have the power and jurisdiction to consider, on appeal, a properly prepared petition for a variance in 1.66 acres in Tract No. 1, .29 acres in Tract No. 3, .74 acres in Tract No. 4 and .28 acres in Tract No. 5. A petition to change and reclassify approximately 16 acres in Tract No. 2 appears, because of the large acreage involved, to be an application for re-zoning and not for a variance, and if so, the application should be made to the Township Commissioners and not to the Board of Adjustment.": *Lukens v. Ridley Twp. Zoning Board,* 367 Pa. 608, 613-614, 80 A. 2d 765.

A ruling that a person who is deprived of his centuries-old property rights by an unconstitutional ordinance should be compelled to do a futile, fruitless and, in my judgment, an absurd thing—namely, present a petition for a re-zoning to an administrative permit official and appeal from his decision to the Board of Adjustment, neither of whom have any power, authority or jurisdiction to re-zone or to declare an ordinance illegal, unconstitutional and void—undoubtedly, I regret to say, holds the parties litigant, the Law and the Courts up to ridicule and contempt. Where, as here, there is no statutory or decisional authority requiring it, the Courts should not compel such an absurd proceeding.

All the parties and the Court below agree that it is the common practice to resort to Equity in the situation here involved; and the statutes and cases relied upon in the majority opinion do not support it or oust Equity's jurisdiction.

To support its opinion the majority cite §13 of the old Act of March 21, 1806, P.L. 558, which provides: ". . . That in all cases where a remedy is provided or duty enjoined, or any thing directed to be done by any act or acts of Assembly of this commonwealth, the directions of the said acts, shall be strictly pursued, . . ." In construing that Act, this Court has several times stated, as a general principle of law, that where a remedy is provided or an act required to be done by statute the statute must be followed: *Taylor v. Moore*, 303 Pa. 469, 473, 154 A. 799; *Lukens v. Board of Adjustment*, 367 Pa., supra. But what the majority opinion entirely overlooks is that *neither that Act nor The Borough Code nor any other Act nor any prior decisions of this Court prescribes a procedure or a remedy in a case such as the present one.*

Moreover, even if it be assumed arguendo that the Act of 1806 or The Borough Code provides a procedure or a remedy, we should not hold it to be exclusive in this case (a) for the reasons above stated, and (b) because the rule is subject to numerous exceptions, one of which is that it will not be applied if an additional or more adequate remedy can be supplied by Equity. See: *Boggs v. Werner*, 372 Pa. 312, 94 A. 2d 50 and *Everett v. Harron*, 380 Pa. 123, 110 A. 2d 383, and the many cases cited therein. For example, in *Everett v. Harron*, 380 Pa., supra, The Penal Code of 1939 provided that all persons, irrespective of race, creed or color, shall be entitled to equal accommodations in places of public amusement or resort. The Act provided a remedy and severe penalties, viz., a fine of $100. or less for each offense or imprisonment for 90 days or less, or *both,* so that the refusal to admit negroes to the swimming pool or resort could in one day result in bankrupting the violator and putting him in jail for many years. In spite of the general principles of law

(1) that the procedure and remedy provided in an Act must be followed and are exclusive, and (2) that Equity will protect by injunction "property rights only": *Diamond v. Diamond*, 372 Pa. 562, 94 A. 2d 569, and the persons excluded had no property right which was violated, and (3) that Equity will not enjoin the commission of a crime: *Diamond v. Diamond*, 372 Pa., supra,—this Court sustained a bill in equity to enjoin defendants from refusing to admit negroes to a public swimming pool. The basis for the Court's decision which refused to apply the aforesaid well settled principles was that neither the Act nor pertinent civil remedies provided an adequate remedy at law for the violation of personal rights and in these enlightened times such rights should be fully protected. A fortiori Equity should lie in the instant case for each of the following reasons: (1) An owner of land is being deprived of a property right, for the protection of which Equity has long had jurisdiction; and (2) No other remedy or procedure to sustain that property right or to prohibit its violation has been prescribed by statute; and (3) There is no adequate remedy at law; and (4) In order to sustain that property right and Equity's jurisdiction we do not have to ignore or make an exception to any established principles of law or any controlling prior decisions of this Court.

The other cases cited in the majority opinion are clearly neither analogous nor controlling. For example, in *Taylor v. Moore*, 303 Pa. 469, 154 A. 799, relied on by the majority, the Court said: "If officials [Board of Adjustment] act without authority or without power, any appropriate remedy may be used to prevent enforcement of their orders: Byers v. Hempfield Twp., 226 Pa. 278." That supports our position, not that of the majority. Moreover, in *Collegeville Borough v. Philadelphia Suburban Water Co.*, 377 Pa. 636, 654,

105 A. 2d 722, this Court, speaking through Mr. Justice CHIDSEY, said in connection with *Taylor v. Moore,* 303 Pa., supra: " 'Now it is possible to attack the validity of a statute both in equity and by the appeal procedure provided for by a specific statute.' "

The distinction or line of demarcation was clearly delineated in *Dougherty v. Philadelphia* (which was relied upon by the majority), 314 Pa. 298, 171 A. 583, (page 301): "Equity has jurisdiction to restrain attempted taxation for total want of power to tax: [citing cases]. But, where the power to tax appears, and the complaint is over-assessment, or inadequate exemption, the remedy is by appeal to the common pleas from the action of the board of revision: . . . ." While, in my judgment, that case is not analogous, it tends to support, not the majority, but this dissenting opinion, since Equity's jurisdiction to protect property rights cannot be ousted where neither the ministerial permit official nor the Board of Adjustment has the power or authority to re-zone or to declare the ordinance unconstitutional. Cf. *Kline v. Harrisburg,* 362 Pa. 438, 68 A. 2d 182; *Narehood v. Pearson,* 374 Pa. 299, 310, 96 A. 2d 895; *Genkinger v. New Castle,* 368 Pa. 547, 84 A. 2d 303; *English v. Robinson Township School District,* 358 Pa. 45, 55, 55 A. 2d 803; *Commonwealth v. Dauphin County,* 354 Pa. 556, 563, 47 A. 2d 807.

The criticism of *Lukens v. Zoning Board,* 367 Pa., supra, in the majority opinion is, in my judgment, both unnecessary and regrettable. In the *Lukens* case, which was decided by a unanimous Court, petitioners *bypassed* the permit official and petitioned the Board of Adjustment to grant (a) a variance for several lots, each containing less than two acres, and (b) a variance for a 16 acre tract without averring "unnecessary hardship". The Board ruled it had no jurisdiction of such a petition for a variance and refused to consider

it. We sustained the Board. Two points were involved in the *Lukens* case, (1) one dealing with lots of less than two acres, and (2) the other dealing with a tract of land of 16 acres. With respect to proposition (1), we held that the Board of Adjustment had the power and jurisdiction to consider—but only *on appeal*—a petition for a variance if the petition averred "unnecessary hardship"; but had no jurisdiction over the petition actually presented since it did not comply with the statutory requirements and the Board's power being statutory, the remedy and method of procedure which was specifically provided by the Act must be followed. We likewise agreed with the Board of Adjustment that (2) it did not have the power or jurisdiction to grant an application for a variance with respect to the 16 acre tract if the reclassification sought was, because of the large tract involved, really an application for a re-zoning or for a re-zoning under the guise of a variance. As to this latter point, we said, (I repeat) : "The Board of Adjustment was likewise correct in holding that *a re-zoning and a variance are fundamentally different;* and that it has jurisdiction only when the petition is for a variance and *not where it is for a re-zoning under the guise of a variance.* The legislature expressly vested the power to zone in the Board of Township Commissioners . . . and did *not 'empower a board of adjustment to set at naught the zoning statute* and ordinance under the guise of a variance' : Devereux Foundation, Inc. Zoning Case, 351 Pa. 478, 485, 41 A. 2d 744. . . . A petition to change and reclassify approximately *16 acres* in Tract No. 2 appears, because of the large acreage involved, to be an application for re-zoning and not for a variance, and if so, the application should be made to the Township Commissioners and not to the Board of Adjustment." This was a correct and accurate statement of the law

and was supported by a *unanimous* Court. A variance and a re-zoning are fundamentally different. The Board of Adjustment has no power to declare an ordinance unconstitutional and it cannot re-zone, even under the guise of a variance; the power to re-zone lies in the Board of Commissioners or whatever the legislative body is called, and whether the application is for a re-zoning or for a variance will at times depend upon the size of the property. For example, if the area zoned R1 consisted of 20 acres, a petition for a variance by the owner of 16 acres or 19 acres or for ¾ths or ½ of the area zoned could not be granted by the Board of Adjustment because it would clearly be a petition to re-zone under the guise of a variance. To hold otherwise would enable the Board of Adjustment, in the words of the *Devereux Foundation* and the *Lukens* cases "to set at naught the zoning statute and the ordinance under the guise of a variance".

While the majority opinion lays down no test for determining the difference between a variance and a re-zoning, it is clear that one of the important tests must be the size of the property for which a variance is sought, *in relation to the area in which it is zoned* (R1 or Commercial, or whatever the case may be). If that is not one of the tests, I don't know what the test is or can be, and the majority opinion does nothing to answer that question, but merely obscures it.

The *Lukens* case did not expressly hold that Equity lies sur an application for a re-zoning or to have an ordinance declared unconstitutional, but that is the only logical conclusion from that Opinion.

The decision of the lower Court was likewise correct on the merits. The map which is part of the record in this case shows clearly and indisputably that plaintiff's lots are hemmed in by twin houses which are erected on the adjacent land just in front of his lots

(to the north) and by twin houses which are erected on the adjacent land just in back of his lots (to the south). The following excerpt from the Opinion of the lower Court correctly states the facts and the law: ". . . the defendants have stressed the principle of zoning law that 'the mere fact that property in one area is zoned higher than that in an adjacent area does not necessarily render the Ordinance invalid, since, if there is to be zoning at all, the dividing line must be somewhere'.

"But this case involves more than just an adjacent area. Here one block in which single homes were required to be erected was hemmed on either side by blocks which in fact were predominantly established with twin houses. It is true that the dividing line must be somewhere, but to place the same where the legislative body did in this case was discriminatory and arbitrary."

For these reasons I would affirm the decree of the Court below.

Mr. Justice Musmanno joins in this dissenting opinion.