## Strawbridge v. Horsham Township

*Waters, Cooper & Gallager*, for plaintiffs.
*Elmer L. Menges*, for defendants.

KNIGHT, P. J., October 26, 1955.—The facts of this case have been fully stated in the opinion of Judge Dannehower heretofore filed. For our present purpose it is sufficient to say that the supervisors of Horsham Township, a township of the second class, by ordinance rezoned approximately 60 acres of land from "A" residential to "R" industrial. Several adjacent or nearby landowners, herein plaintiffs, filed a complaint in equity seeking to have the ordinance declared illegal, null and void, for a number of substantive reasons. Preliminary objections were filed by defendants and the reason assigned in support of them was that equity

had no jurisdiction to set aside a zoning ordinance. This court, in an opinion written by Judge Dannehower, dismissed the preliminary objections.

In July and August 1955, defendants filed motions to dismiss the proceedings in equity on the ground that equity had no jurisdiction. The reason for the motions is that subsequent to the decision of this court dismissing the preliminary objections, the Supreme Court handed down a decision which, in the opinion of counsel for defendants, ruled the case before us. On the above motions we allowed rules to show cause why the present proceedings should not be dismissed. These rules were argued before the court en banc and are now before us for decision. It is well settled that the jurisdiction of a court over the subject matter of litigation may be challenged at any time: 1 Goodrich-Amram 155, §1032-8, and cases therein cited. We will treat the motions to dismiss as motions for a reargument and in the argument before us the fundamental question of jurisdiction was argued at length.

The Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, sec. 13, 46 PS §156, provides: "In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts, shall be strictly pursued, and no penalty shall be inflicted or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect."

Under the provisions of this act the courts have developed the rule that where a statutory remedy is provided, that statutory remedy is exclusive. That rule has been imbedded in our law for 150 years.

So far as we have discovered, the rule was first applied in zoning cases by the Supreme Court in Taylor v. Moore, 303 Pa. 469, 476 (1931), and it has been applied in a number of cases since. In Castle Shannon Coal Corporation v. Upper St. Clair Township, 370

Pa. 211 (1952), plaintiff sought to test the validity of a zoning ordinance by declaratory judgment. The court held that the remedy provided by the zoning law of the township was exclusive. Wyszynski v. Philadelphia, 370 Pa. 632 (1952), holds that the remedy of anyone aggrieved by the decision of an administrative officer under the zoning law is by appeal to the board of adjustment and such decision can not be adjudicated in a court of equity.

"A property owner may not sue in equity to have a zoning ordinance declared invalid; all questions concerning a zoning ordinance must be considered and determined in accordance with the exclusive legal remedy prescribed by the zoning statute": Shender v. Philadelphia, 375 Pa. 596 (1954).

The latest pronouncement of the Supreme Court and the one which inspired the present motions is Jacobs v. Fetzer, 381 Pa. 262 (1955). In that case plaintiff petitioned the borough council to change the zoning classification of a particular tract from R-1 residential to R-2 residential by requesting an amendment to the zoning ordinance of the borough. Plaintiff's requests was refused. Plaintiff then filed a complaint in equity praying the court to declare the zoning ordinance unconstitutional, illegal and void in that as to plaintiff's property it was discriminatory and further praying that the court direct council to amend the ordinance so that the request of plaintiff be granted. The lower court sustained plaintiff's complaint and declared the ordinance unconstitutional. Upon appeal, the Supreme Court stated on page 264: "It is unnecessary to enter upon a discussion or consideration of the chancellor's findings and conclusions. The bill of complaint must be dismissed. Equity is without jurisdiction in the matter": Jacobs v. Fetzer, supra.

In the course of the majority opinion, we find these pronouncements on page 265: "It is plain enough that the procedure statutorily prescribed for testing

the validity of substantive provisions of a zoning ordinance or the method of its administration is through application to the board of adjustment by one aggrieved by the decision of a borough administrative officer in respect thereof and, thereafter, by appeal to the court of common pleas if the decision of the board of adjustment is likewise adverse", and on page 267: "If, however, a property owner desires to test the constitutionality or validity otherwise of zoning regulations, application to the Board of Adjustment, in the first instance, for relief, followed by an appeal to the common pleas from the Board's denial of relief, is the means for raising legal questions for judicial determination."

Counsel for plaintiffs label these pronouncements as error, but they are the statements of our highest State court written by a very learned and distinguished jurist, and so far as this court is concerned, they speak the law.

In the opinion of this court dismissing the preliminary objections, the case of Lukens v. Ridley Township Zoning Board of Adjustment, 367 Pa. 608, was cited and a portion of the opinion quoted in support of the jurisdiction of equity to nullify the Horsham ordinance.

Commenting upon the Lukens case, Justice Stern, in Jacobs v. Fetzer, supra, had this to say on page 268: "Nothing was said in the *Lukens* case from which it could even be inferred that if the local legislative body refuses to re-zone, when so requested, the applicant can then invoke equity's jurisdiction and there have the ordinance amended, if not actually nullified. Indeed, the opinion quoted approvingly from *Taylor v. Moore*, supra, to the effect that 'where a remedy or method of procedure is provided or a duty enjoined by any act of assembly, the directions of such act shall be strictly pursued, and we have held that such remedy or procedure is exclusive'."

Plaintiffs contend that all of the above cited cases and others that follow in their train must be distinguished from the instant case because in each one of them plaintiffs had a remedy by which the constitutionality of the zoning ordinance involved could be considered at once, namely, by appeal to the board of adjustment. In the present case they contend they must wait until a building permit is issued for industrial construction in the rezoned tract. In the meantime they assert the value of their properties is depreciated. In other words, they say that they are without any remedy at the present time.

One answer to this contention may be that plaintiffs are not hurt in the physical enjoyment of their homes or land until industry comes to the rezoned tract. Plaintiffs recognize this for their only complaint at the present time is that the ordinance in question depreciates the value of their properties. Depreciation in the value of real estate standing alone is not a sufficient reason for declaring a zoning ordinance unconstitutional: Kerr's Appeal, 294 Pa. 246 (1928). Where the only hardship shown is that applicant's land would be worth four times as much if variance is granted it is insufficient to show unnecessary hardship: Pincus v. Power, 376 Pa. 175 (1954).

Section 2007 of the Second Class Township Code of July 10, 1947, P. L. 1481, 53 PS §19093, provides for the appointment and number of members, the power to make rules and the powers of the board of adjustment which are stated as follows:

"The board of adjustment shall have the following powers:

"(1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by the zoning officer in the enforcement of this article or of any ordinance adopted pursuant thereto.

"(2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance.

"(3) To authorize, upon appeal, in specific cases such variance from the terms of the ordinance. . . ."

It seems quite obvious that these plaintiffs could not avail themselves of any of the areas of jurisdiction set forth above.

In 1953, however, the legislature amended the Second Class Township Code, supra, adding the italicized words to the fourth paragraph of section 2007: "Appeals to the board of adjustment may be taken *by any person or township official aggrieved or affected by any provision of the zoning ordinance* or by any decision of any administrative officer . . . charged with enforcing the provisions of the zoning ordinance."

Defendants contended and still contend that the added words conferred additional power and jurisdiction on the board of adjustment. This court, in dismissing the preliminary objections to the complaint, held that the added words only enlarge the group of those who could appeal to the board of adjustment and did not add to its powers and jurisdiction.

The language is broad: "Any person . . . aggrieved or affected by any provision of the zoning ordinance . . ." may appeal to the board of adjustment. It would seem that this contemplates more than the granting of exceptions or variances but contemplates an attack on the ordinance itself.

Counsel for plaintiffs, in his brief, argues that the board of adjustment has no jurisdiction to hear an appeal and that an appeal would be a useless gesture, for the board would not declare the ordinance unconstitutional, even if it had the power so to do.

Many zoning cases come before this court by the way of useless gestures. A building permit is applied for to build a building for a prohibited use in a re-

stricted zone. The applicant knows the permit will be refused because the building inspector has no authority to issue it, but the applicant wants to test the constitutionality of a provision of the zoning ordinance, as applied to his property; so he appeals to the board of adjustment. The board sustains the building inspector as a matter of course, whereupon the applicant can appeal to this court and here test the constitutionality of the ordinance. The application to the building inspector and the appeal to the board may seem like useles gestures, but they mark the road over which the applicant must pass, with no short cuts to equity, if he wishes to test the constitutionality of a provision of a zoning ordinance.

The Board of Adjustment of Horsham Township is an independent body, not subject to the control of the supervisors, and it may well be that under paragraph four of section 2007 of the Second Class Township Code, supra, the board could pass judgment on the constitutionality of an ordinance enacted by the supervisors.

The herein plaintiffs challenge the entire amendment to the Horsham Zoning Ordinance as illegal, unconstitutional and void. They could have done this by an appeal to the board of adjustment. If the board dismissed the appeal on its merits then plaintiffs could have appealed to this court. If the board dismissed the appeal for lack of jurisdiction, plaintiffs could have likewise appealed to this court where the question of jurisdiction could be fully considered and decided.

Glancing at the practical side of the situation, we were informed at the argument that a building permit for industrial construction in the rezoned tract was issued before the present complaint was filed, although neither plaintiffs nor their counsel were familiar with that fact. That permit has expired, but we know of no reason why defendants Strong and Buchert could

not apply for another permit and the case could come before this court through the established channels of the zoning law.

More and more municipalities are adopting zoning ordinances. We believe no new zoning ordinance has ever been enacted which suited everybody or which did not injure some property owners. These dissatisfied property owners would be in the same position as these plaintiffs and if they could challenge the zoning ordinance in equity the courts would be afflicted by an epidemic of complaints in equity, and these complaints could be filed at any time with only the equitable doctrine of laches to restrain and control them.

There is another and perhaps conclusive reason why these preliminary objections should be sustained. We were informed at the argument that a building permit for industrial use had been issued before the complaint in equity had been filed. If this be true, plaintiffs certainly had a remedy under the zoning law. True, neither plainitffs nor their counsel knew of the issuance of the building permit, but this was no fault of defendants and we know of no provision of the law that requires the building inspector to notify anyone when he issues a permit. Since the record does not disclose that a building permit was issued before the complaint in equity was filed, we are not advancing that reason in support of our present decision. We are simply pointing out that if this situation existed, and it should be brought before the court in a proper manner, it would serve as a reason for dismissing the complaint.

After hearing the reargument and studying the case of Jacobs v. Fetzer, supra, we have come to the conclusion that equity has no jurisdiction in this case.

And now, October 26, 1955, the decision in this case filed February 23, 1955, is revoked and set aside. The preliminary objections are sustained and the complaint dismissed.