## Kuiper v. Upper Merion Township

*Benjamin Scirica*, for plaintiffs.

*Maxwell Strawbridge*, for defendants.

CORSON, J., November 19, 1956.—The present motion is based upon the contention that the appeal was filed more than 30 days after the decision of the Zoning Board of Upper Merion Township, from which decision the appeal was taken.

This case arises out of the fact that Henry A. Hart, the owner of a triangular piece of property at the intersection of Route 202 and the Schuylkill Expressway, in Upper Merion Township, this county, desired, and no doubt still desires, to sell such property to the General Electric Company to be used for the erection of an office building and a warehouse for electric light bulbs. In order to have the property accepted by the General Electric Company it was necessary to have the property rezoned from "R-1 Residential" to "L-1 Industrial".

On April 14, 1955, the first hearing was heard before the board of supervisors, upon Hart's petition for a change.

On June 30, 1955, the board of supervisors allowed the petition and rezoned the property. Such rezoning ordinance became effective on July 30, 1955.

On August 12, 1955, the present appellant and others filed a complaint seeking to question the legality of such ordinance. However, such complaint raised no question as to the procedural legality of the ordinance and for that reason and upon the authority of Wynnewood Civic Association v. Lower Merion Township, 175 Pa. Superior Ct. 20 (1954), Knight, P. J., on November 14, 1955, dismissed the complaint.

On January 20, 1956, Hart applied for, and received, a building permit under the ordinance, for the General Electric Company. A week later a bill in equity was filed attacking the legality of the ordinance, to which preliminary objections were filed. Within the required period Kuiper et ux. appealed to the board of adjustment from the issuance of the permit.

At the hearing upon such appeal before the board, the board refused to hear testimony upon the question of the illegality or unconstitutionality of the zoning ordinance, contending that it was not within the power of the board to declare such ordinance unconstitutional. The board, however, took the appeal under advisement and did not render a decision until May 28, 1956, when, at a meeting of the board of adjustment held in the evening, the board members signed an order dismissing the appeal. This order was filed, no doubt, with the secretary of the township supervisors.

Since May 30th was a legal holiday, with the King of Prussia post office no doubt closed, notice was not sent out until May 31, 1956, when a copy of the decision was mailed to counsel for the Kuipers. This notice admittedly was received June 1, 1956, by Kuipers' attorney.

Nothing further happened until the Kuipers, through their attorney, filed their appeal on June 29, 1956. On July 6, 1956, the owner of the property, Henry A. Hart, was allowed to intervene and filed a motion to dismiss the appeal. This motion alleges that the appeal

22

was not filed within 30 days after the decision of the board.

The decision having been admittedly made by the board of supervisors on May 29, 1956, we find a period of 30 days between the decision and the filing of the appeal, such appeal being filed on the 31st day. Without counting the day of the decision we have two days remaining in May, plus 28 days in June, making a total of 30 days which elapsed after the decision and before the filing of the appeal.

Admittedly this is a technical question but as counsel for the owner argued before the court, this matter has been in process of some kind or litigation since prior to April 14, 1955, and if some final decision is not reached, the owner of the land will lose the General Electric Company as a buyer.

Counsel for Kuipers contends that where there is a penalty for not filing an appeal within a time provided, that such provision should be liberally construed. On the other hand, counsel for Hart argues that all zoning statutes are limitations upon a man's right to use his property in such a way as he sees fit and that all such limitation statutes should be strictly construed. As indicated, there is something to be said upon both sides.

Mr. Hart contends that he has been deprived of his right to sell his property for a proper purpose, and Kuipers contend that they have never had an opportunity to show the unconstitutionality of the ordinance. One appellate court case ruined the Kuipers' proceeding to test the constitutionality of the ordinance within 30 days after it was passed. The doctrine in the case of Jacobs v. Fetzer, 381 Pa. 262 (1955), which determined that equity has no place in zoning proceedings until all provisions of the zoning ordinance have been complied with, deprived Kuipers of their rights to show alleged unconstitutionality in the equity proceeding.

We feel that the present question has already been passed upon in an opinion by Knight, P. J., in the case of Sunnybrook, Inc., Petition, 69 D. & C. 344 (1949). Under the zoning law in effect at the date of the Sunnybrook case, the appeal had to be taken within 30 days of the "filing" of the decision by the board of adjustment. See The First Class Township Law of June 24, 1931, P. L. 1206, sec. 3107. The Sunnybrook case happened to be a first class township, and, as in the present case, the appeal was filed on the 31st day. There is now no difference between The First Class Township Law and The Second Class Township Law as to the time for taking zoning appeals, the law in the case of first class townships having been amended by the Act of May 27, 1949, P. L. 1955, so that in each case, the time is fixed "within thirty days after such decision of the board." See The First Class Township Law of June 24, 1931, P. L. 1206, sec. 3107, as amended, 53 PS §58107; The Second Class Township Law of May 1, 1933, P. L. 103, sec. 2007, as added July 10, 1947, P. L. 1481, sec. 47, as amended, 53 PS §67007.

In second class townships it is also provided that the decision must be filed with the township secretary. Kuipers contend that the time of appeal should date from the filing with the township secretary. However, the time of appeal is not determined by time of filing, but the time is fixed and the period reckoned from the time of the decision of the board. See 53 PS §67007.

Kuipers also contend that they did not receive notice "forthwith" of the decision as required by the act. However, the decision being rendered on the evening of the 29th, no doubt after the closing of the King of Prussia post office, and the next day being a legal holiday and the post office not open, the first time that notice could be put in the mail at the King of Prussia post office was on May 31st, when the letter was mailed, and received the next day by counsel for Kuipers.

Neither in the brief nor in the argument was any explanation given as to why the appeal was not filed between June 1st, when notice of the decision was received, and June 29th, when it was filed. Counsel for Hart contends that this was merely to further delay action in order to prejudice Mr. Hart in his attempt to dispose of his property.

Upon the authority of the Sunnybrook case, supra, we feel that the motion to dismiss must be allowed and therefore enter the following order:

And now, November 19, 1956, the motion to dismiss appeal as having been filed too late is allowed and the petition for appeal is dismissed and stricken off.