Lukens *v.* Ridley Township Zoning Board of Adjustment, Appellant.

Argued April 11, 1951. Before STERN, STEARNE. JONES, BELL, LADNER and CHIDSEY, JJ.

*R. Paul Lessy*, with him *Francis J. Catania*, for appellant.

*Paul C. Van Dyke*, with him *James A. Cochrane*, for appellees.

OPINION BY MR. JUSTICE BELL, May 23, 1951:

This is an appeal in a mandamus proceeding from an order of the Court of the Common Pleas of Delaware County. Petitioners (appellees) requested the Board of Adjustment *to grant a special exception or variance*—they erroneously used the terms interchangeably and synonymously—*changing, reclassifying or redesignating "Business"** 1.66 acres of their 20 acre tract of real estate, known as Tract No. 1, "now classified 'A residence' in part and 'B residence' in part"; and approximately *.29 acres*, known as Tract No. 3, "now classified as 'A residence' in part and 'B residence' in part"; and approximately .74 acres, known as Tract No. 4, "now classified as 'B residence'"; and approximately .28 acres of their 21 acre tract, known as Tract No. 5, "now classified as 'B residence'"; and *changing, reclassifying or redesignating* "'C residence'" *16 acres* of their 20 acre tract of improved ground known as Tract No. 2, and "now classified as

---

* Italics throughout, ours.

'A residence' in part, 'B residence' in part, and 'C residence' in part." These changes or reclassifications were requested because "the present zoning restrictions . . . are confiscatory"; and in violation of the Constitution of the Commonwealth of Pennsylvania and of the Constitution of the United States; and "bear no reasonable relation to the health, safety, morals or general welfare of the community and constitute a gross and excessive exercise of the police power . . . and are unreasonable, unconstitutional, and unlawful."

The Board ruled it had no jurisdiction and refused to consider the owners' petition. Thereupon the owners filed a complaint in mandamus to compel the Board to consider their application. After answer was filed, the court sustained relators' motion for judgment on the pleadings and directed the Board of Adjustment of the Township of Ridley to hold a public hearing sur relators' petition to the Board.

Has the Board of Adjustment jurisdiction under the facts in this case, and, if so, will mandamus lie to compel the Board to consider the petition?

It will be noted at the outset that *this application* was an original petition and *not an appeal* to the Board; and there is no specific averment of unnecessary hardship or other statutory conditions *required for a variance* (although this latter point was not raised by appellant).

Pursuant to The First Class Township Code enacted May 27, 1949, P. L. 1955 sec. 59, 53 PS §19092-3107, the Township of Ridley passed a zoning ordinance, Ordinance No. 237, which inter alia classified the location and use of all lands in the township; established a comprehensive plan, and adopted a zoning map for the entire township. The zoning ordinance set up a Board of Adjustment and following the Act of As-

sembly virtually verbatim granted the Board of Adjustment the following powers:

"(a) *To hear and decide appeals where* it is alleged *there is error* in any order, requirement, decision or determination made *by an administrative Official* in the enforcement of said Act and this Ordinance.

"(b) To hear and decide *special exceptions* to the terms of this Ordinance in such cases *as are herein expressly provided for,*\* in harmony with the general purpose and intent of this Ordinance, with power to impose appropriate conditions and safeguards.

"(c) To authorize, *upon appeal,* in specific cases, *such variances* from the terms of this Ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of this Ordinance will result in unnecessary hardship and so that the spirit of this Ordinance shall be observed and substantial justice done." The succeeding paragraph of the Act or Code goes on to provide: "In exercising the above-mentioned powers, *such board may,* in conformity with the provisions of this article, *reverse or affirm,* wholly or partly, *or may modify the order,* requirement, decision, or determination *appealed from,* and may make such order, requirement, decision, or determination as ought to be made, and, to that end, shall have all the powers of the officer *from whom the appeal is taken . . ."*

It is clearly apparent that *paragraphs (a) and (c) specifically provide* for and *require an appeal* in order for the Board of Adjustment to have power or jurisdiction. Paragraph (b), which deals with *special exceptions,* omits the provision or requirement for an

---

\* The Ordinance granted the Board of Adjustment original jurisdiction in 21 specific cases, none of which has any applicability to the petition or facts of this case.

appeal and permits an application to be filed in the first instance with the Board.

Under the Ordinance, the words a "special exception or variance" which the petitioners use interchangeably are not synonymous but entirely different. The difference is well illustrated in *Devereux Foundation, Inc., Zoning Case,* 351 Pa. 478, 41 A. 2d 744, where Mr. Justice STERN said (page 483) : *"An 'exception' in a zoning ordinance is one allowable where facts and conditions detailed in the ordinance, as those upon which an exception may be permitted, are found to exist.* But zoning ordinances usually provide, as does the present one, for another kind of dispensation, also permitted by the statute, by which a *'variance'* from the terms of the ordinance may be authorized in cases where a literal enforcement of its provisions *would result in unnecessary hardship."*

By the language of both the Act and the Ordinance, *the special exceptions* relate only to such cases as are *expressly provided for* under the terms of the Ordinance —in this Ordinance twenty-one specific exceptions, none of which, as we have seen, has any application to this case. It is clear, therefore, that the question or problem of a "special exception" does not arise in this proceeding.

The Board of Adjustment refused to consider the application or grant a hearing because it believed *it had no jurisdiction* for the twofold reason (1) that *this petition for a variance was not an appeal* from any order and (2) *because the petition was really an application for a re-zoning.* So far as the variance is concerned, we agree with appellant's contention that the only authority the Board has is statutory; that the statute, being in derogation of property rights which have been recognized for centuries, must be strictly construed and pursued: Cf. *White's Appeal,* 287 Pa. 259, 266, 267, 134 A. 409; *Kline v. Harrisburg,* 362

Pa. 438, 450, 451, 68 A. 2d 182; 36 Vale Pa. D., Statutes §239. It follows that under the Act and the Ordinance passed pursuant thereto the Board has jurisdiction to grant *a variance only upon appeal* from an order, requirement, decision or determination theretofore made, *and only where the specific case involved unnecessary hardship* and other special conditions more particularly set forth in the statute. *"Where a remedy or method of procedure is provided or a duty enjoined by any act of assembly, the directions of such act shall be strictly pursued,* and we have held that such remedy or procedure is exclusive:" *Taylor v. Moore,* 303 Pa. 469, 473, 154 A. 799. The First Class Township Code of May 27, 1949, supra, and the Ordinance passed pursuant thereto *must therefore be strictly pursued,* and the Board of Adjustment has jurisdiction to consider a *petition for a variance only* when it avers facts adequate for a variance and when it is presented *upon an appeal.*

The Board of Adjustment was likewise correct in holding that *a re-zoning and a variance are fundamentally different;* and that it has jurisdiction only when the petition is for a variance and *not where it is for a re-zoning under the guise of a variance.* The legislature expressly vested the power to zone in the Board of Township Commissioners (Act of May 27, 1949, P. L. 1955, Sec. 59, 53 P.S. §19092-3101 et seq.) and did not *"empower a board of adjustment to set at naught the zoning statute* and ordinance under the guise of a variance": *Devereux Foundation, Inc., Zoning Case,* 351 Pa. 478, 485, 41 A. 2d 744. It appears that the Board of Adjustment would have the power and jurisdiction to consider, on appeal, a properly prepared petition for a variance in 1.66 acres in Tract No. 1, .29 acres in Tract No. 3, .74 acres in Tract No. 4 and .28 acres in Tract No. 5. A petition to change and reclassify approximately *16 acres* in Tract No. 2 appears, be-

cause of the large acreage involved, to be an application for re-zoning and not for a variance, and if so, the application should be made to the Township Commissioners and not to the Board of Adjustment.

*Lindquist Appeal,* 364 Pa. 561, 73 A. 2d 378, is cited by appellees as holding that no appeal is necessary where a variance is applied for. The case is not authority for such a principle. While an application for a variance may have been filed with the Board of Adjustment in that case without any appeal, the question of whether the application was proper without an appeal was not raised or considered in this Court. What that case decided is that the Board of Adjustment must, under the Act of Assembly, take jurisdiction of (and exercise a judicial discretion in granting or refusing) a petition for a variance where the " 'conditions specified by the enabling Act and the ordinance, exist, namely; special conditions, unnecessary hardship and etc., and when these conditions do not exist, the only remedy of an applicant for a variance is through legislative action. . . .' "

Petitioners raised in their brief the broad general question of the constitutionality of the zoning acts. We may aptly repeat what this Court said in the leading case of *Taylor v. Moore,* 303 Pa. 469, 472, 154 A. 799: "Nor can the validity of the Zoning Acts of assembly as structural or general legislation be questioned. *They have been held constitutional as have the ordinances passed under them:* Euclid v. Ambler Realty Co., 272 U. S. 365; White's App., 287 Pa. 259, and a host of cases since that time. *The effect of certain parts of zoning ordinances,* however, *as they operate on specific property or pieces of land, may,* as to such property or pieces of land, *be confiscatory* of property rights where there has been an unreasonable exercise of power. *Such ordinance as to that exercise may be unconstitutional:* White's App., supra. . . ." Suffice it to say that no facts

were alleged by petitioners to support their conclusion that the zoning ordinance was confiscatory or unconstitutional as to the portions or pieces of land set forth in their petition, and the constitutional questions were not pressed or argued in this Court.

It is unnecessary to decide whether or when mandamus will lie.* We have considered all of the other contentions of the petitioners and believe they warrant no further discussion.

Judgment reversed at appellees' costs.

*Cf. *Taylor v. Moore*, 303 Pa. 469, 154 A. 799; *Grime v. Commonwealth*, 324 Pa. 371, 188 A. 337; *Hotel Casey Company v. Ross*, 343 Pa. 573, 23 A. 2d 737.