## Commonwealth v. Flannery

*Clinton R. Weidner*, district attorney, for Commonwealth.

*William F. Martson*, for Borough of New Cumberland.

*William R. Mark*, for defendant.

SHUGHART, P. J., June 4, 1954.—On September 30, 1953, an information was filed charging Lillian Flannery, defendant, with a violation of the zoning ordinance of the Borough of New Cumberland.

The alleged violation consists of using a movable house trailer, parked on premises situated in a residential district R-1, as a residence.

Following the issuance of the warrant, defendant waived a hearing before the magistrate and posted bond for hearing in this court.

The facts of the case have been submitted by stipulation of counsel. The matter has been argued and is now before the court for decision.

The applicable portion of section 300 of the zoning ordinance provides that:

"In the Residence District, 'R-1', no building or premises shall be used and no building shall hereafter be erected or structurally altered, unless otherwise provided in this ordinance, except for one or more of the following uses:

"1. One Family Detached Dwelling."

Section 104 defines a building as: "A structure having a roof supported by columns or walls. . . ."

Section 109 defines a single-family detached dwelling as: "A detached building designed for or occupied by one family and having no party wall in common with an adjacent house."

From the stipulation it appears that defendant moved the house trailer on the premises in question on or about July 18, 1953, at which time it was placed on eight columns of cinder blocks. At the same time, it was connected to the water and sewage systems of the area and to the power lines. Thereafter, in the latter part of September 1953 the wheels of the trailer were removed.

The question for decision is, whether the house trailer is a dwelling within the purview of the zoning ordinance.

The power to establish residential districts in which only one-family dwellings are permitted is well settled: Jennings' Appeal, 330 Pa. 154, 160, and cases cited.

It must be noted at the outset that there is no specific reference, in the ordinance, respecting house trailers as dwellings, and their use as dwellings is nowhere specifically prohibited.

In the case of Lower Merion Township v. Gallup, 158 Pa. Superior Ct. 572, 575, Judge (now Justice) Arnold, said:

"A house trailer is simply a mobile house. It is as much a dwelling as any house which is built on a foundation and therefore not mobile. Indeed these house trailers were not resting on wheels but were 'up on boxes, or some jacks of some sort.'. . .

"To say that these were not dwelling houses is an attempt to fictionize a reality. They were used and intended to be used as homes, and were as much dwellings as any similarly sized structures could be. . . . They differed from the ordinary house only in respect *to the ease* with which they could be moved."

In Palumbo Appeal, 166 Pa. Superior Ct. 557, 559, it was said:

"These trailers are immobile and have been occupied on long term contracts by family units, including children. In law these trailers are dwelling houses. Lower Merion Twp. v. Gallup, 158 Pa. Superior Ct. 572, 46 A. 2d 35."

In Kimsey v. City of Rome et al. 84 Ga. App. 671, 67 S. 2d 206, 207, 1951, it was held that a house trailer was a building in the sense of a dwelling.

"Restrictions imposed by zoning ordinances are, however, in derogation of the common law and (at times) of the liberties, rights and privileges guaranteed by the Constitution of the United States and the Constitution of Pennsylvania and therefore must be strictly construed: Lukens v. Zoning Board of Adjustment, 367 Pa. 608, 80 A. 2d 765; Kline v. Harrisburg, 362 Pa. 438, 451, 68 A. 2d 182"; Lord Appeal, 368 Pa. 121, 126.

Although the location of this trailer on a lot in an area where there are only permanently constructed homes may not harmonize or be in aesthetic agreement with the other buildings, the health, morals and safety of the community are not affected thereby. Its location thereon may not, therefore, be prohibited.

"The limitation of the right to use one's own property, which is one of the consequences of zoning regulations must be reasonable and based on imperious considerations of public health, morals and safety, not on artistic or aesthetic considerations": Miller v. Seaman et al., 137 Pa. Superior Ct. 24, 31.

In the light of the foregoing, we are bound to conclude that the house trailer here involved is a dwelling as that term is defined in the ordinance. The appeal must, therefore, be sustained.

And now, June 4, 1954, at 8 a.m. (Eastern Standard Time), the appeal of Lillian Flannery is sustained. Costs are to be paid by the county.