## Goldsand v. Zoning Board of Adjustment

*Jay H. Rosenfeld*, for appellant.

*David Berger*, for appellee.

DOTY, J., July 17, 1962.—This matter is presently before the court on the appeal of the applicant, Henry

Goldsand, from a decision by the zoning board of adjustment. This is the second time this case has been before us.

Application was made to the zoning administrator for the use of premises 2820 Germantown Avenue, Philadelphia, Pennsylvania, as a launderette. In accordance with the zoning ordinance, the matter was referred to the zoning board of adjustment for a hearing on the question of the propriety of granting a certificate of adjustment for the requested use. The board refused to grant the certificate and an appeal to this court followed.

When this case was first before us, counsel for applicant entered into a stipulation with the city solicitor and, pursuant to that stipulation, the matter was remanded to the board for the purpose of determining whether a certificate should issue with the imposition of one condition, namely, that this proposed launderette operate only between the hours of 6:00 a.m. to midnight.

Additional testimony was presented to the board by the applicant. There were no protestants either at the initial hearing or at the hearing on remand. Nevertheless, the board again refused to grant the required certificate and the applicant again appealed to this court.

The premises here in question is located in an area zoned "A" commercial and consists of a two story building. The proposed use would occupy the first floor. At present, the second floor is unoccupied and there was testimony before the board that there is no present intention by the owner to obtain a tenant for the second floor.

The premises involved is located in a neighborhood which includes a grocery store, a hardware store, a beauty shop, an appliance repair store, a retail synthetic one-hour cleaner, a drug store and a State liquor store.

No additional testimony was taken by this court. However, after a careful consideration of the legal arguments and briefs presented and the applicable law, we are of the opinion that the decision of the zoning board was incorrect and the board must be reversed.

The proposed use in this case is permitted in an area zoned "A" commercial under the Philadelphia Code of Ordinances, sec. 14-303(2) (k) (.1)-(.3), which provides:

"14-303—'A' *Commercial District*

"(2) *Use Restrictions—With Certificate.* The following uses will be permitted in this district only if a Zoning Board of Adjustment certificate, as hereinafter provided, is obtained: . . .

"(k) *Self Service Laundry* using residential type washing machines, under the following terms and conditions:

"(1) Such use does not exceed 2,500 square feet in gross floor area.

"(2) Such use shall be permitted only between the hours of 6:00 a.m. and 1:00 a.m.

"3. Lights located on the outside of the premises shall not be permitted to remain lighted after 12:00 o'clock midnight."

The law has been reiterated many times that an "exception" is one allowable where facts and conditions detailed in the ordinance as those upon which an exception is permitted exist: Appeal of Catholic Cemeteries Association of the Diocese of Pittsburgh, 379 Pa. 516, 109 A. 2d 537; Lukens v. Ridley Township Zoning Board of Adjustment, 367 Pa. 608, 80 A. 2d 765; Devereaux Foundation Inc., Zoning Case, 351 Pa. 478, 41 A. 2d 744.

That is precisely the situation present in the instant case. The three conditions outlined in the applicable ordinance have been complied with. The proposed use

does not exceed 2,500 square feet in gross floor area, the applicant testified (and this was not disputed) that outside lights will be turned off at midnight and by stipulation approved by this court the applicant agreed to limit his hours of operation to 6:00 a.m. to midnight, less than is required by the ordinance.

In Gibson v. Zoning Board of Adjustment, 13 D. & C. 2d 203, 44 Del. Co. 251, the court stated:

". . . the zoning board of adjustment has the power to hear and decide . . . requests for special exceptions . . . but the power to regulate . . . property does not extend to arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property even though such act be purportedly for the preservation of the health, safety and general welfare."

The Supreme Court spoke in the same vein in Archbishop O'Hara's Appeal, 389 Pa. 35, 131 A. 2d 587 (1957), where it concluded:

"The grant or refusal of a particular use as a special exception to a zoning ordinance does not lie within the unfettered discretion of either the board of adjustment or the courts, and such discretion can only be constitutionally exercised within the standards provided in the ordinance, and unless the proposed use adversely affects health, safety and morals of the community, it must be allowed."

Since no testimony was heard by this court, our function is to review the record and determine whether or not the zoning board was arbitrary and capricious and abused its discretion. As stated in Lance Appeal, 399 Pa. 311 (1960), the question is whether the board was justified in its findings and conclusions upon the evidence presented to it.

It is clear that considering the record in this case the board was not justified in its findings and conclusions since there was a complete absence of relevant, credible evidence on which to base their findings and conclusions.

For example, there is no evidence to support supplemental findings of fact no. 3, that immediately above the property in which the applicant proposes to operate his coin-operated laundry business, there are residences being used and occupied for residential purposes. On the contrary, the record is clear that the second floor of the building in question is presently unoccupied and there is no present intention to find a tenant for this area. Moreover, if the applicant receives the certificate he seeks and then desires to rent out the second floor for residential purposes he will have to apply to the zoning board for permission to do so.

There is no evidence to support supplementary findings of fact no. 5 that there is noise generated in connection with coin-operated laundries. On the contrary, both the applicant and a witness who are familiar with coin-operated laundry machines testified that there would not be any noise discernible to passers-by or adjoining residences.

Likewise, there is no evidence to support supplementary finding of fact no. 6, that the proposed use being directly beneath that portion of this building that has a residence above it will cause such noise, heat and other disturbances as to constitute a neighborhood situation. As stated before there is no residence above the proposed launderette, because there is no tenant occupying the second floor. Moreover, both the applicant and his expert witness testified unequivocally that the proposed use would not cause any noise, heat or odor discernible to passers-by or adjoining residences. Therefore, the board had no evidence upon which it based this finding.

The board also found (supplementary finding of fact no. 7) that the proposed use would increase traffic congestion, increase hazard from fire and adversely affect the health and general welfare of the immediate neigh-

borhood. There is not a scintilla of evidence to support this finding. The only testimony before the board and in the record is to the contrary, and we conclude that the board's finding is arbitrary and capricious in this regard.

· Likewise, several of the board's supplementary conclusions of law are erroneous. For example, conclusions of law nos. 4 and 8 state that the proposed use would increase traffic and fire hazards and would adversely affect the health and general welfare of the neighborhood. As stated above, there was no evidence to support these conclusions and they are entirely unwarranted from the testimony presented to the board.

Thus, it is clear that the zoning board of adjustment was arbitrary and capricious in refusing to grant the certificate applied for by the applicant.

For the foregoing reasons we enter the following

### Order

And now, July 17, 1962, the decision of the zoning board of adjustment is reversed, and this case is remanded to the zoning board of adjustment which is directed to issue the certificate applied for as provided in section 14-303(2)(k) of the Philadelphia Code of General Ordinances.