## Hanna v. Rachor

*Richard R. Ransom,* for plaintiff.
*John T. Mulligan,* for defendant.

BLOOM, J., January 18, 1973.—The matter presently before this court arises from an action in quo warranto filed by plaintiff, Henry T. Hanna, against defendant, Robert L. Rachor. Plaintiff seeks to have defendant removed from the Zoning Hearing Board of Haverford Township, asserting as grounds the illegal and unlawful appointment of defendant to said board.

The facts of this case have been presented before this court by way of a case stated pursuant to agreement of respective counsel. The facts agreed upon are as follows:

Plaintiff was duly appointed a member of the Board of Adjustment of Haverford Township on January 1, 1969, for a term of three years by the Board of Commissioners of Haverford Township. Plaintiff continuously held the said office under and pursuant to his appointment thereto until the expiration of his term on December 31, 1971.

Prior to the term of plaintiff as set forth above, the Legislature of Pennsylvania enacted the Pennsylvania Municipalities Planning Code of July 31, 1968,

P. L. 805, 53 PS §10101. In article IX, section 902 of said act, 53 PS §10902, it is provided that:

"Every board of adjustment or board of appeals in existence when this act becomes effective shall thereupon become a zoning hearing board, be known as such, and it and the terms of its members shall continue under and in accordance with the provisions of this article."

Article 1X, section 903 of said Act, 53 PS §10903, provides:

"The membership of the board shall consist of three residents of the municipality appointed by the governing body. Their terms of office shall be three years and shall be so fixed that the term of office of one member shall expire each year. The board shall promptly notify the governing body of any vacancies which occur. Appointments to fill vacancies shall be only for the unexpired portion of the term."

On January 3, 1972, the Board of Commissioners of Haverford Township at a regularly scheduled meeting passed a motion *to retain but not to reappoint* plaintiff to the zoning hearing board until such time as a successor qualified by vote of the board of commissioners.

On January 31, 1972, the Board of Commissioners of Haverford Township passed a motion to appoint defendant to the zoning hearing board replacing plaintiff. The appointment of defendant was to become effective January 31, 1972.

The question before this court is, therefore, whether the appointment of defendant to the zoning hearing board of January 31, 1972, was lawful. The contention of defendant is that plaintiff was not appointed to the zoning hearing board in compliance with the provisions of the Pennsylvania Municipalities Planning Code as set forth above. Plaintiff contends that

the action taken by the board of commissioners on January 3, 1972, constituted an appointment of plaintiff to the zoning hearing board and, thus, he is entitled to remain as a member of said board until December 31, 1972.

A review of the minutes of the board of commissioners' meeting held on January 3, 1972, reveals that two candidates were nominated for the office in question. The voting on the nominations ended in a draw and at that point a motion was made to *"retain but not reappoint the present member of the Zoning Hearing Board [the Plaintiff Hanna] until such time as a successor qualifies by vote of the Board of Commissioners."* (Italics supplied.) The motion was carried by a majority vote of the commissioners.

It is clear from the language employed that the board of commissioners did not intend that plaintiff serve on the hearing board for a full term.

Furthermore, the action of the board of commissioners in "retaining" plaintiff is not in compliance with the Pennsylvania Municipalities Planning Code, 53 PS §10903, which provides that *"appointments to fill vacancies shall be only for the unexpired portion of the term."* (Italics supplied.) By limiting the "retention" of plaintiff until such time as the board of commissioners could vote on a new member of the zoning hearing board is not in strict compliance with the legislative mandate of section 10903.

Applying, as we must, a strict construction of section 10903 (Lukens v. Ridley Township Zoning Board of Adjustment, 367 Pa. 608 (1951)), the action of the board of commissioners in retaining plaintiff is null and void. Therefore, this court concludes that plaintiff is not entitled to hold membership on the zoning hearing board by virtue of the commissioners' action on January 3, 1972. Conversely, the commissioners'

decision to appoint defendant to the zoning hearing board is valid and in compliance with the law.

Therefore, we enter the following

### ORDER

And now, to wit, January 18, 1973, after consideration of arguments and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that:

1. Plaintiff's complaint in quo warranto be and the same is hereby dismissed.

2. Defendant, Robert L. Rachor, is entitled to hold office of the Zoning Hearing Board of Haverford Township by virtue of his appointment to said Zoning Hearing Board by the Board of Commissioners of Haverford Township on January 31, 1972.