Borough of West Mifflin, Appellant *v.* Zoning Hearing Board of the Borough of West Mifflin et al., Appellees.

Argued October 6, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Donald C. Fetzko,* for appellant.

No appearance for appellee.

*Thomas Kratzenberg,* with him *Raymond Radako-vich,* for intervenors, John Columbus and Joseph Columbus, t/d/b/a Columbus Brothers.

OPINION BY JUDGE CRAIG, November 8, 1982:

In this zoning case, the Borough of West Mifflin, Allegheny County, has appealed from an order of the Common Pleas Court of Allegheny County which affirmed the West Mifflin Borough Zoning Hearing Board's approval of a sign painted on the side of a building owned by Columbus Brothers, the landowners who have intervened in the case.

According to the record and the borough's statement of facts, with which the landowners agree, the property is in a district zoned I-2 Restricted Industrial. Under Section 501.3 of the Zoning Ordinance, governing all signs throughout the borough, business signs advertising goods or services provided on the same premises are allowed, but the provision prohibits business signs which exceed eighty square feet in area and also states:

Signs shall not be painted directly on the surface of any building.

During May, 1981, the landowners had the sign, 760 square feet in area, painted on the side of their indus-

trial building. A few days after the painting of the sign, on May 14, 1981, the borough issued a certified mail notice of violation to the landowners, citing Section 501.3, and sent a second notice of violation on May 30, received by the property owners on July 1. After that second notice, the landowners applied to the zoning hearing board for a special exception to authorize the sign. The zoning hearing board gave approval of the sign by a decision containing no finding of facts or explanation of its rationale.

The borough appealed to the common pleas court, pointing out that Section 402.1 of the Zoning Ordinance, applicable to the I-2 Restricted Industrial District, allows light industrial uses as uses by right but further states:

*Conditional Uses*

None.

*Uses by Special Exception*

None.

The common pleas court took no additional evidence, and after a conciliation conference and the submission of briefs in which the borough stressed the absence of any ordinance provision authorizing a special exception, and the landowners relied entirely on the "laches" of the borough, the judge decided the case in favor of the landowners and dismissed the borough's appeal on a validity basis which the parties theretofore had not raised, but which the judge raised on his own—the view that the blanket exclusion of signs painted on the sides of buildings is invalidly exclusionary and has no substantial relationship to the protection of the public health, safety or welfare.

In dealing with the validity issue which the parties had not presented, the trial court stated:

The finding of a total ban of a legitimate use, shifts the burden to the municipality to present

evidence to establish the public purpose served by the regulation. No evidence is in the record to establish the validity of the total exclusion and the Borough has, therefore, failed to show that the ordinance bears a relationship to the public health, safety, morals and general welfare as required by Beaver Gasoline Company v. Osborne Borough, 445 Pa. 571, 285 A.2d 501 1971)....

Although the rule with respect to a municipality's burden is correctly stated, we must note that the record contains no evidence to establish the validity of the total exclusion of painted signs because that question had never been raised in the case.

It is axiomatic that a court cannot consider and decide a case on the basis of a non-jurisdictional validity issue which has never been raised. *American Medical Centers, Inc. Appeal,* 54 Pa. Commonwealth Ct. 573, 422 A.2d 1192 (1980). The principal reason for this universal rule is well illustrated here; we cannot properly charge the borough with failure to support the validity of its ordinance when the moving parties did not raise that issue in the case.

Moreover, in planning cases, the attacking party, in raising challenges to ordinance validity grounds, must pursue the procedures set forth in Section 1004 of the Pennsylvania Municipalities Code (MPC), Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. §11004. *American Medical Centers.* Thus, both our decisional law and the express words of the MPC refute the landowners' contention that a validity issue is raised "merely when a challenging party establishes the fact of a total prohibition of an otherwise acceptable activity."

Here, if the validity procedures had been expressly pursued, the borough would have been put on notice to present evidence in support of the validity of its

requirement; arguably, for example, a prohibition against painting signs on building walls might promote the general welfare by avoiding possible blighting effects which could ensue from the practice. Although we do not, and could not, in any way express an opinion upon the adequacy of any conceivable justification at this juncture, the municipality is entitled to an opportunity to present its own version of the reason for the regulation.

As definitively evidenced by the board's original notice of hearing and the board's own decision, this case necessarily is limited to the scope of the special exception application. Normally, the solution at this juncture would be to remand the matter with a direction that the board make findings and conclusions in support of its award of a special exception. However, Section 913 of the MPC, 53 P.S. §10913, empowers the board to grant a special exception only "[w]here the governing body in the zoning ordinance, has stated special exceptions to be granted or denied by the board pursuant to express standards and criteria. . . ." The MPC thus confirms what the Pennsylvania Supreme Court held as early as *Lukens v. Zoning Board of Adjustment of Ridley Township*, 367 Pa. 608, 80 A.2d 765 (1951), stating that *special exceptions* relate only to such cases as are *expressly provided for* under the terms of the ordinance. . . ." 367 Pa. at 612, 80 A.2d at 767. As noted above, special exceptions are expressly negated in the district involved.

The decision therefore must be reversed because, as a matter of law, no special exception can be granted.

### Order

Now, November 8, 1982, the order of the Court of Common Pleas of Allegheny County dated November 25, 1981, is reversed, and the decision of the West Mifflin Borough Zoning Hearing Board is vacated.